**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Gary Lynn HAKALA, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 27, 2006.

Filed May 18, 2006.

---

**405**

James L. Martin, Ridgway, for appellant.

Bradley J. Kraus, Assistant District Attorney, Ridgway, for Commonwealth, appellee.

BEFORE: HUDOCK, MUSMANNO, and JOHNSON, JJ.

**OPINION BY JOHNSON, J.:**

¶ 1 Gary Lynn Hakala appeals the judgment of sentence imposed following his conviction of Burglary, Criminal Trespass, Theft by Unlawful Taking, and Receiving Stolen Property, *see* 18 Pa.C.S. §§ 3502(a), 3503(a)(1), 3921(a), 3925(a) (respectively). Hakala contends that the evidence is insufficient to sustain his convictions and that the convictions are against the weight of the evidence. Upon review, we find Hakala's appellate brief substantially deficient. Accordingly, we deem his claims waived and affirm his judgment of sentence.

¶ 2 Hakala's convictions arise out of his breaking and entering a camp in rural Elk County owned by one Bertha D'Angelo. Hakala entered a structure by breaking windows and took a television, microwave oven and other items from inside. At trial, Hakala testified that the camp had belonged to his sister, that he was unaware that she had sold it, and that he believed he was licensed to be there and to take the things he had taken. Notwithstanding Hakala's testimony, a jury found him guilty as charged. At the subsequent sentencing hearing, the trial court determined that Hakala's offenses merged with his conviction for Burglary and imposed a sentence of three to eight years' incarceration with 18 days credit for time served. Hakala filed a post-sentence motion, which the trial court denied. Hakala now raises the following questions for our review:

I. Whether the evidence was sufficient to prove that the Defendant, Gary Lynn Hakala, did commit the offense of Burglary, 18 Pa[.]C.S.A. § 3502(a), specifically whether the evidence was sufficient to prove that the Defendant did enter the camp of Bertha D'Angelo with intent to commit [a] crime therein and while he was not licensed or privileged to do so?

II. Whether the evidence was sufficient to prove that the Defendant, Gary Lynn

Hakala, did commit the offense of Criminal Trespass, 18 Pa[.]C.S.A. § 3501(a)(1)(i), specifically whether the evidence was sufficient to prove that the Defendant did enter the camp of Bertha D'Angelo knowing that he was not licensed or privileged to do so?

III. Whether the evidence was sufficient to prove that the Defendant did commit the offense of Theft by Unlawful Taking or Disposition, 18 Pa[.]C.S.A. § 3921(a), specifically whether the evidence was sufficient to prove that the Defendant did unlawfully take or exercise unlawful control over moveable property of Bertha D'Angelo with intent to deprive her thereof?

IV. Whether the evidence was sufficient to prove that the Defendant, Gary Lynn Hakala, did commit the offense of Receiving Stolen Property, 18 Pa[.]C.S.A. § 3925(a), specifically whether the evidence was sufficient to prove that the Defendant intentionally received property of Bertha D'Angelo knowing that it had been stolen or believing that it had probably been stolen?

V. Whether the verdict was against the weight of the evidence as to the offense of Burglary, 18 Pa[.]C.S.A. § 3502(a), specifically whether the verdict was against the weight of the evidence dealing with the elements that the Defendant did enter [the] camp of Bertha D'Angelo with intent to commit [a] crime therein when the defendant was not licensed or privileged to do so?

VI. Whether the verdict was against the weight of the evidence as to the offense of Criminal Trespass, 18 Pa[.]C.S.A. § 3503(a)(1)(i), specifically whether the verdict was against the weight of the evidence dealing with the elements that the Defendant entered the camp of Bertha D'Angelo knowing that he was not licensed or privileged to do so?

VII. Whether the verdict was against the weight of the evidence as to the offense of Theft by Unlawful Taking or Disposition, 18 Pa[.]C.S.A. § 3921(a), specifically whether the verdict was against the weight of the evidence dealing with the elements that the Defendant did unlawfully take or exercise unlawful control over property of Bertha D'Angelo with intent to drive her thereof?

VIII. Whether the verdict was against the weight of the evidence as to the offense of Receiving Stolen Property, 18 Pa[.]C.S.A. § 3925(a), specifically whether the verdict was against the weight of the evidence dealing with the elements that the Defendant did intentionally receive property of Bertha D'Angelo knowing that it had been stolen or believing that it had probably been stolen?

Brief for Appellant at 3–4.

¶ 3 As the foregoing recitation reveals, Hakala challenges the weight and sufficiency of the evidence underlying each of his convictions. Upon review of his respective arguments, however, we note that he fails to provide significant analysis of his claims or to offer citations to law for any proposition other than the standard of review. Brief for Appellant at 9, 13. In several instances, Hakala's analysis only marginally exceeds his restatement of the question presented. *See, e.g.,* Brief for Appellant at 10, 11, 12, 13, 14, 15, 16. These omissions constitute a clear violation of the Rules of Appellate Procedure, *see* Pa.R.A.P. 2119(a), and perhaps more significantly, deprive us of a basis upon which to review Hakala's claims. His self-serving assertions concerning the content of his own testimony do nothing to ameliorate these deficiencies. *See, e.g.,* Brief for Appellant at 9 ("The Defendant testified at

trial, [sic] he thought the camp he had entered belonged to his family or sister."); 10 ("The Defendant would argue that he was mistaken as to the ownership of the camp being his sister [sic] and that such mistake of fact would negate the knowledge that he was not licensed or privileged to enter the camp."); 11 ("Defendant would argue that based on the testimony of Defendant, Gary Lynn Hakala, that he believed the personal property belonged to his sister and that his sister would have permitted him to take the property . . . ."). Although we might comb the record to assure that the elements of Hakala's convictions are established, absent some reasoned analysis from the appellant we decline to do so. *See Commonwealth v. Brewer*, 876 A.2d 1029, 1035 (Pa.Super.2005) (citing *Miller v. Miller*, 744 A.2d 778, 788 (Pa.Super.1999)) ("It is the Appellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law."). As we have admonished in prior decisions, "[i]t is not this Court's function or duty to become an advocate for the appellants." *Commonwealth v. Birdseye*, 432 Pa.Super. 167, 637 A.2d 1036, 1043 (1994). Because Hakala fails to offer either analysis or case citation in support of the relief he seeks, we deem all of his questions waived.

¶ 4 For the foregoing reasons, we affirm the judgment of sentence.

¶ 5 Judgment of sentence AFFIRMED.