J. S61009/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES LAMONT DOMEK, | : | No. 1822 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 18, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0016570-2012

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 29, 2014**

James Lamont Domek appeals from the judgment of sentence of October 18, 2013, following his conviction of one count of aggravated assault.  We affirm.

The trial court has aptly summarized the facts of this matter as follows:

> Pittsburgh Police Officer Vincent Pacheco testified that while on duty on August 29, 2012, he had a conversation with Appellant lasting approximately fifteen minutes.  Officer Pacheco observed Appellant's tone of voice as loud, angry, resentful and uncooperative, and Appellant was swearing at the Officer.  Eventually, Officer Pacheco arrested Appellant and called for a police car with a cage to transport Appellant to jail.
>
> David Dabrowski, a Corrections Officer ("CO") at Allegheny County Jail, testified to the events which transpired at the jail once Appellant arrived.

---

* Retired Senior Judge assigned to the Superior Court.

Dabrowski stated that generally, as a defendant arrives at the sally port, he is uncuffed by the police department and asked to empty all of the contents of his pockets onto a bench. Then, he is asked to place his hands flat against a wall and step back, and a CO conducts a pat down search. Once the pat down is completed, the arrestee is instructed to sit on the bench, place his fingers around his gums and underneath his tongue as a CO inspects the inside of the arrestee's mouth. Finally, the arrestee's shoes and socks are removed and searched.

When Appellant arrived at the sally port on August 29, 2012, he initially complied with the search of his person. However, when Appellant was asked to place his fingers inside his mouth, he became noncompliant, using profanity at CO Dabrowski.[1] The CO gave him several opportunities to comply and warned Appellant that if he continued in his non-compliance, Dabrowski would have to assist him in opening his mouth. According to Dabrowski, Appellant replied, "Fuck you, go ahead."

As Dabrowski reached forward to grab the lower part of Appellant's mouth, Appellant smacked away Dabrowski's hand. Appellant began to stand up, tried to grab Dabrowski and engaged in a struggle with the CO. Appellant attempted to punch Dabrowski, at which point Dabrowski countered with a closed-hand strike to Appellant's face, knocking him backward. CO Marjorie Bonenberger then intervened, grabbed Appellant by the hair and assisted Dabrowski in getting Appellant to the ground. Unfortunately, Bonenberger ended up underneath Appellant on the ground. While on the ground Appellant refused to place his hands behind

---

[1] Dabrowski testified that appellant stated, "you better fuckin' get me something to clean my fuckin' hands with." (Notes of testimony, 7/15/13 at 61.) According to appellant, his hands were dirty from placing them on Officer Pacheco's unmarked police car earlier, and he asked Dabrowski for something to wipe them off before placing them in his mouth. (***Id.*** at 146.)

> his back. Sergeant Robert Bytner then arrived to the melee and tasered Appellant into submission. This incident was recorded by a camera within the sally port and the video was played to the jury. Bytner and Bonenberger testified similarly to Dabrowski's description of the incident, with Bonenberger stating that she suffered significant injury as a result thereof which prevented her from returning to work some ten months later. Specifically, Bonenberger testified that she suffered a torn meniscus which required surgery, as well as an injured hip, and that she remains in constant pain.

Trial court opinion, 2/24/14 at 3-4 (citations to the record omitted).

Appellant was charged with two counts of aggravated assault, 18 Pa.C.S.A. § 2702(a)(3); two counts of assault by prisoner, 18 Pa.C.S.A. § 2703(a); and one count of false identification to law enforcement authorities, 18 Pa.C.S.A. § 4914(a). Following a preliminary hearing on December 11, 2012, the Commonwealth withdrew the charge of false identification. (Notes of testimony, 12/11/12 at 29.) In addition, the Commonwealth withdrew the count of assault by prisoner as to CO Dabrowski. (*Id.*) The three remaining charges, two of aggravated assault and one of assault by prisoner, were held over for court. (*Id.* at 31, 34.) However, the criminal information listed only one count of aggravated assault as to CO Bonenberger, and two counts of assault by prisoner.

The matter proceeded to a jury trial on July 15-16, 2013, following which appellant was found guilty of the count of aggravated assault, and not guilty of the two counts of assault by prisoner. On October 18, 2013, appellant was sentenced to 22 to 120 months' incarceration. A timely notice

of appeal was filed on November 14, 2013. That same date, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. Appellant timely complied on December 4, 2013; and on February 24, 2014, the trial court filed a Rule 1925(a) opinion.

Appellant has raised the following issues for this court's review:

> 1. The trial court erred when it proceeded with charges that were dismissed at the [p]reliminary hearing for the offenses charged.
>
> 2. Appellant[']s attorney did not cross examine witnesses in which Appellant had anticipated to be questioned on cross examination.
>
> 3. The statutory elements of Aggravated Assault were not met by the evidence presented.

Appellant's brief at 4-5.

In his first issue on appeal, appellant points out that he was supposed to be bound over for trial on two counts of aggravated assault, and one count of assault by prisoner. (*Id.* at 8.) Instead, he proceeded to trial on one count of aggravated assault, and two counts of assault by prisoner. (*Id.*) As the trial court observes, the issue is moot because appellant was found not guilty of both counts of assault by prisoner. (Trial

court opinion, 2/24/14 at 4.) Appellant cannot possibly show how he was prejudiced by this error. (*Id.*)[2]

In his second issue on appeal, appellant argues that trial counsel was ineffective for failing to cross-examine two witnesses, CO Bonenberger and Sergeant Bytner. As the trial court recognizes, this claim must be deferred until collateral review. (Trial court opinion, 2/24/14 at 5.) Our supreme court held in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that defendants should wait until the collateral review phase to raise claims of ineffective assistance of counsel. Nor do either of the exceptions to the *Grant* rule outlined in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), apply.

In his third and final issue on appeal, appellant claims that the evidence was insufficient to sustain the jury's verdict. Appellant argues that the Commonwealth failed to make out the intent element of aggravated assault.

---

[2] In addition, appellant offers no argument or analysis whatsoever in support of this issue. As such, we could find the issue waived. **See** *Commonwealth v. Murchinson*, 899 A.2d 1159, 1162 (Pa.Super. 2006) (applying Pa.R.A.P. 2119(a) to find waiver where the appellant failed to develop meaningful argument with specific reference to the record in support of his claims) (citations omitted); *Commonwealth v. Hakala*, 900 A.2d 404, 407 (Pa.Super. 2006), *appeal denied*, 909 A.2d 1288 (Pa. 2006) (finding waiver where the appellant failed to offer either analysis or case citation in support of his request for relief, admonishing that "[i]t is not this Court's function or duty to become an advocate for the appellants"), quoting *Commonwealth v. Birdseye*, 637 A.2d 1036, 1043 (Pa.Super. 1994).

When reviewing a sufficiency claim, we employ the following standard of review:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Gray*, 867 A.2d 560, 567 (Pa.Super. 2005), *appeal denied*, 879 A.2d 781 (Pa. 2005), quoting *Commonwealth v. Nahavandian*, 849 A.2d 1221, 1229-1230 (Pa.Super. 2004) (citations omitted).

Appellant was found guilty of second-degree aggravated assault under 18 Pa.C.S.A. § 2702(a)(3), which provides:

**§ 2702.  Aggravated assault**

**(a)  Offense defined.**--A person is guilty of aggravated assault if he:

(3)  attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;

18 Pa.C.S.A. § 2702(a)(3).

**(c)  Officers, employees, etc., enumerated.**-- The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:

(9)  Officer or employee of a correctional institution, county jail or prison, juvenile detention center or any other facility to which the person has been ordered by the court pursuant to a petition alleging delinquency under 42 Pa.C.S. Ch. 63 (relating to juvenile matters).

18 Pa.C.S.A. § 2702(c)(9).[3]

It is not disputed that CO Bonenberger sustained bodily injury, *i.e.*, a torn meniscus requiring surgery and physical therapy. Therefore, we will focus on the intent element of aggravated assault. "[I]ntent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury." ***Commonwealth v. Brown***, 23 A.3d 544, 560 (Pa.Super. 2011) (***en banc***) (citation omitted).[4]

---

[3] In his brief, appellant appears to confuse the various subsections of the statute. For example, he argues that the evidence was insufficient to prove he acted at least recklessly in causing CO Bonenberger serious bodily injury. (Appellant's brief at 10-11.) However, an attempt to cause or intentionally, knowingly, or recklessly causing serious bodily injury to an enumerated person while in the performance of duty is a first-degree felony under 18 Pa.C.S.A. § 2702(a)(2). Appellant was convicted of aggravated assault as a second-degree felony under 18 Pa.C.S.A. § 2702(a)(3), which does not require serious bodily injury, but does require actual intent, not mere recklessness. As observed by the Commonwealth, the confusion may stem from the trial court's jury instructions, which included recklessness as an element of aggravated assault. (Commonwealth's brief at 16-17; notes of testimony, 7/16/13 at 79-80.) However, appellant did not object to the trial court's erroneous instruction, nor does he raise the issue on appeal. At any rate, we find the evidence was sufficient to prove the intent element of Subsection (a)(3).

[4] We note that we could find the issue waived, as appellant included only a boilerplate challenge to the sufficiency of the evidence in his Rule 1925(b) statement. (Docket #12.) Appellant did not specify which element or elements of aggravated assault were not proven. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa.Super. 2008) ("[i]f Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal.").

Officer Pacheco testified that when he came into contact with appellant, appellant was loud, angry, and uncooperative. (Notes of testimony, 7/15/13 at 46.) When he arrived at the county jail, appellant refused to allow CO Dabrowski to search the inside of his mouth for contraband. Dabrowski testified that appellant swore at him and demanded something to clean off his hands. (*Id.* at 54.) When Dabrowski informed him that if he refused to comply, Dabrowski would have to assist him in opening his mouth, appellant replied, "Fuck you, go ahead." (*Id.* at 55.) Appellant then smacked his hand away and took a swing at Dabrowski. (*Id.*) At this point, CO Bonenberger grabbed appellant by the hair. (*Id.*) Appellant was screaming, "get the fuck off of me." (*Id.*)

In the ensuing melee involving appellant, Dabrowski, Bonenberger, and a City of Pittsburgh police officer, Bonenberger ended up at the bottom of the pile. (*Id.* at 55, 122.) Bonenberger testified that after appellant tried to punch Dabrowski,

> Then I grabbed him from behind so he couldn't make contact with Officer Dabrowski and I believe he turned on me and Officer Dabrowski also grabbed him and we were just in the whole altercation and Officer Loughren who was the transporting officer, he came running in to assist us while we were fighting.

*Id.* at 126. Appellant continued to resist and refused to allow the officers to handcuff him. (*Id.* at 55, 131.) Finally, Sergeant Bytner entered the room and gave appellant a direct order to comply. (*Id.* at 131.) Sergeant Bytner testified that appellant continued to be combative. (*Id.*) Sergeant Bytner

discharged his taser into appellant's upper back. (*Id.*) Even after being tased, appellant continued to resist, but the officers were able to get the handcuffs on him and appellant was placed in a restraint chair. (*Id.* at 56, 131.)

Clearly, the evidence was sufficient for the jury to find that appellant intended to cause bodily injury to the officers, including Bonenberger, with his combative behavior.[5] *See Brown*, *supra* (it was within the jury's province to find that the defendant, by throwing one officer to the ground and then striking another officer repeatedly by wildly flailing his arms as he resisted arrest, intended to cause injury to the officers). The jury saw video evidence of the fight inside the sally port and was free to disbelieve appellant's account of the incident. Appellant's sufficiency claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2014

- 10 -

---

[5] We note that Dabrowski also suffered a bruise to his right forearm.  (Notes of testimony, 7/15/13 at 56.)