J-S13002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT M. MONTGOMERY, II | |
| Appellant | No. 1489 WDA 2014 |

Appeal from the Judgment of Sentence June 30, 2014
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000834-2013

BEFORE:  LAZARUS, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 24, 2016**

Robert M. Montgomery, II, appeals *pro se* and *nunc pro tunc* from his judgment of sentence, entered in the Court of Common Pleas of Crawford County, after being found guilty of driving under the influence,[1] DUI refusal,[2] possession of a small amount of marijuana,[3] and the summary offense of restriction on alcoholic beverages.[4]  After careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. § 3802.

[3] 35 P.S. § 780-113(a)(31)(i).

[4] 75 Pa.C.S. § 3809(a).

After officers responded to a fight at a sports bar located in Titusville, bar patrons directed the officers' attention to an individual passed out in a Jeep parked on the street outside the bar.[5] When one of the officers approached the Jeep, he saw Montgomery passed out in the driver's seat, face down on the steering wheel; the car's engine was running, the radio was on, and its four-way flashers were activated. The officer had to shout several times at Montgomery to awaken him. Inside the vehicle, in plain view, officers noticed an open, partially imbibed bottle of Natural Ice Beer[6] in the front-seat console's cup holder and an unopened bottle of the same beverage on the passenger seat. Montgomery displayed signs of intoxication and had trouble understanding the officers' requests. He was unable to produce either a driver's license or identification card.

Montgomery consented to field sobriety tests, which confirmed that he was under the influence of alcohol. Montgomery was arrested on suspicion of DUI and searched incident to his arrest. The search uncovered a small amount of marijuana in a plastic baggie and a pipe on his person. Montgomery was transported to a local hospital where he initially agreed to

---

[5] The bar is located at 123 Diamond Street in Titusville. Montgomery's vehicle was parked at 100 Diamond Street.

[6] Natural Ice Beer is an American ice lager produced by Anheuser-Busch.

give a blood sample. However, he subsequently became uncooperative and refused to give a blood sample.

On April 17, 2014, Montgomery was tried *in absentia* before the Honorable John Spataro and was found guilty on all charges.[7] He was sentenced on the DUI charges to 3-6 months' incarceration, with 34 days of credit, as well as fines and costs. On the possession charge, Montgomery was ordered to serve a consecutive term of 15-30 days in prison. Montgomery filed post-sentence motions that were denied. His subsequent request for reconsideration of his post-sentence motions was also denied. Montgomery's appeal rights were reinstated *nunc pro tunc*. This *pro se* appeal follows.

On appeal, Montgomery raises fourteen issues for our consideration. Only one of his issues is decipherable and capable of our review; we find the remaining thirteen issues waived. ***See*** Pa.R.A.P. 2119; ***Commonwealth v. Hakala***, 900 A.2d 404 (Pa. Super. 2006) (claims deemed waived where defendant failed to provide significant analysis of claims raised on appeal or offer citations to law; deficient appellate brief deprived court of basis upon which to review claims).[8]

_____

[7] One count of possession of drug paraphernalia (the pipe), however, was nolle prossed by the Commonwealth prior to trial.

[8] In the argument section of his brief, Montgomery states that "he was not in commerce, and therefore not using a motor vehicle, but was found unconscious[.]" Appellant's Brief, at 9. To the extent that statement can be

*(Footnote Continued Next Page)*

- 3 -

Montgomery claims that the arresting officers did not have probable cause to stop him and subsequently file charges against him. We disagree.

A determination as to whether probable cause exists is based on the totality of circumstances. *Commonwealth v. Thompson*, 985 A.2d 928 (Pa. 2009). "Probable cause exists where the facts and circumstances within the officers' knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Gibson*, 638 A.2d 203, 206 (Pa. 1994).

Viewing the facts of the case in total, police possessed probable cause to stop and arrest Montgomery based on suspicion of drunk driving. Instantly, the police observed Montgomery in the driver's side of a running vehicle on a road outside a bar, passed out over the steering wheel, with the radio blaring and the flashers on. Inside the vehicle, in plain view, was a

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

interpreted as a sufficiency argument attacking the court's determination that he was guilty *of operating a vehicle while under the influence of alcohol*, we also find that argument meritless. The crime of driving under the influence of alcohol requires that the Commonwealth prove, beyond a reasonable doubt, that an individual was "driv[ing], operat[ing] or . . . in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). Here, based upon a totality of the circumstances, there was sufficient evidence that Montgomery was in actual physical control of the Jeep where: he was found sleeping in the vehicle on a public road in front of a bar with its engine running, keys in the ignition, flashing lights activated, radio blaring, with a cold, opened bottle of beer in the center cup holder. *Commonwealth v. Toland*, 995 A.2d 1242 (Pa. Super. 2010); *Commonwealth v. Williams*, 871 A.2d 254 (Pa. Super. 2005).

cold, open, and partially consumed bottle of beer in the center console cup holder and an unopened beer bottle in the passenger seat. When the officers were finally able to rouse Montgomery, they noted he exhibited visible signs of intoxication. Specifically, Montgomery had bloodshot and glassy eyes, an odor of alcohol on his breath, had trouble exiting the car, swayed when he stood up and slurred his speech. He was also unable to produce any form of identification. Finally, Montgomery failed to pass filed sobriety tests at the scene. Accordingly, there was not only reasonable suspicion to stop, 75 Pa.C.S. § 6308(b), but also probable cause to arrest Montgomery. *Gibson*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2016