J-S02034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNESYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARIO KINDELAN-RAY | |
| Appellant | No. 1343 EDA 2015 |

Appeal from the PCRA Order entered April 24, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0001777-2011

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                              **FILED April 27, 2016**

Appellant, Mario Kindelan-Ray, appeals from the order the Court of Common Pleas of Lehigh County entered on April 24, 2015 dismissing his petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The underlying facts and procedural history were adequately summarized by the PCRA court in its April 24, 2015 opinion.  *See* PCRA Court Opinion, 4/24/15, at 1-2.  Briefly, on December 1, 2011, following a jury trial, Appellant was convicted of providing false identification to law enforcement officers.  The jury acquitted Appellant of two counts of possession with intent to deliver controlled substances and two counts of possession of controlled substances.  On the same day, the sentencing court imposed a six to twelve months' imprisonment in the county jail.  Appellant

did not a file post-sentence motion or direct appeal. On March 14, 2012, Appellant filed a PCRA petition, raising claims of ineffective assistance of trial counsel. The PCRA court dismissed the PCRA petition on the basis Appellant was no longer serving the subject sentence. On appeal, this Court found the PCRA court erred in concluding Appellant was ineligible for PCRA relief based on its finding Appellant had served his sentence. Accordingly, we vacated the order and remanded to the PCRA court for further proceedings. *See Commonwealth v. Kindel[a]n-Ray*, No. 336 EDA 2014, unpublished memorandum at 8 (Pa. Super. filed November 17, 2014). On remand, the PCRA court held a hearing on Appellant's PCRA petition and eventually denied it as meritless. PCRA Court Order, 4/24/15. This appeal followed.

In this appeal, Appellant presents two ineffective assistance of counsel claims, which we review under the following standards.

> Counsel is presumed effective, and the petitioner bears the burden of proving otherwise. To prevail on an ineffectiveness claim, the petitioner must plead and prove, by a preponderance of the evidence, the following three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction.

*Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013) (citations omitted).

In his first claim, Appellant argues that the PCRA court erred in not finding trial counsel ineffective for failure to file an appeal to this Court,

despite Appellant asking counsel to do so in a timely manner. Appellant's Brief at 8. We disagree.

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Id.* at 603 (citations omitted).

Although Appellant testified that he (personally, and through family members and friends) repeatedly attempted to contact counsel by phone because he wanted to appeal the conviction, the PCRA court found Appellant's testimony not credible. In fact, the PCRA court credited counsel who stated she did not receive any phone call or message from Appellant or from others on his behalf. *See* PCRA Court Opinion, 4/24/15, at 3-4. As a reviewing court, we are unable to make credibility determinations or substitute our judgment for that of the PCRA court. *See Roney*; *Commonwealth v. Johnson*, 966 A.2d 523 (Pa. 2009). Accordingly, because the record supports the PCRA court's credibility determinations, we will not disturb them.

In his next claim, Appellant argues counsel was ineffective for failing to advise him of his appeal rights. Appellant's entire "analysis" of this issue consists of two conclusory sentences: (i) the claim has arguable merit "since counsel's act or omission conflict[s] with . . . the [c]onstitutional right to direct appeal;" and (ii) "there was no reasonable strategy" for the omission

and, but for counsel's omission, the outcome would have been different. Appellant's Brief at 9. Appellant's argument lacks not only analysis but also authority for his claim. The claim is, therefore, waived. *See*, *e.g.*, *Commonwealth v. Hakala*, 900 A.2d 404, 407 (Pa. Super. 2006) ("Because [appellant] fails to offer either analysis or case citation in support of the relief he seeks, we deem all of his questions waived.").

Even if we were to conclude otherwise, the claim is meritless. As noted above, Appellant failed to prove he asked counsel to file an appeal. The ineffectiveness inquiry, however, does not end here. Indeed, "[w]here a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with his client about the client's appellate rights." *Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa. Super. 2011). This standard imposes a duty on counsel to adequately consult with defendant as to the advantages and disadvantages of an appeal where there is reason for counsel to think a defendant would want to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Commonwealth v. Touw*, 781 A.2d 1250 (Pa. Super. 2001). Specifically, *Roe* and *Touw* impose a constitutional duty on appellate counsel to adequately consult with the defendant as to advantages and disadvantages of an appeal only when "(1) . . . a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) . . . this particular defendant reasonably demonstrated to counsel that he was interested in

appealing." **Touw**, 781 A.2d at 1254 (quoting **Flores-Ortega**, 528 U.S. at 480). Here, the PCRA court found (and we agree) that Appellant failed to demonstrate he was interested in appealing. The only inquiry remains whether a rational defendant in his position would want to appeal. The PCRA court noted that Appellant "was acquitted of the most serious charges, and it is difficult to see how, under those circumstances, a rational defendant would want to appeal." PCRA Court Opinion, 4/24/15, at 4 (internal quotation marks omitted). We also note Appellant nowhere detailed which non-frivolous issue(s) he intended to raise on direct appeal. In light of the foregoing, even if preserved for our review, the claim would be meritless.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/27/2016