J-S28039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.M.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| J.S., | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 1840 MDA 2017 |

Appeal from the Order Entered November 3, 2017
in the Court of Common Pleas of York County,
Domestic Relations at No(s):  231-SA-2011

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 20, 2018**

J.S. appeals, *pro se*, from the child support Order entered following a

*de novo* hearing.  We dismiss the appeal.

In its Opinion, the trial court summarized the relevant factual and

procedural history underlying the instant appeal as follows:

> A [f]inal Order of [c]ourt entered on January 31, 2017
> directed [J.S.] to pay [A.M.M.] $705.71 per month for support of
> the parties' two children, with arrears set at $1,521.32[,] due
> immediately.
>
> A Notice of Proposed Modification was sent to [J.S.] on or
> about June 14, 2017, indicating that the Domestic Relations
> Section intended to modify the previous Order to a non-financial
> obligation for the support of the two children, as [J.S.] was
> incarcerated with no known income, assets or employment.  [J.S.]
> responded to the Notice on or about June 19, 2017[,] indicating
> that he did not agree to the proposed modification and requesting
> that a conference/hearing be scheduled.
>
> A conference was scheduled for August 4, 2017, after which
> an Order dated August 9, 2017 was entered[,] setting [J.S.'s]
> financial obligation to a numerical value of zero[,] effective March

21, 2017[,] because [J.S.] was unable to pay, had no known income or assets, and there was no reasonable prospect that [J.S.] would be able to pay for the foreseeable future. Arrears were remitted without prejudice as of August 9, 2017.

[J.S.] appealed the Order of August 9, 2017[,] and a *de novo* hearing was scheduled … on October 19, 2017. After the hearing, the [trial court] issued the Order (listed as November 3, 2017 on the Superior Court docket based upon the mailing date) affirming the Order of August 9, 2017[,] and stating that [the trial court] would not pursue the issue of the amount of arrears in either direction.

[J.S.] filed a Notice of Appeal [] on December 4, 2017 and a [court-ordered Concise] Statement [p]ursuant to Pa.R.A.P. 1925(b) on December 22, 2017.

Trial Court Opinion, 1/8/18, at 1-2.

Initially, we observe that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005).[1]

_____

[1] We recognize that J.S. is proceeding *pro se* in this matter.

Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Adams***, 882 A.2d at 498 (citations omitted).

- 2 -

J.S.'s *pro se* brief does not meet the following requirements: Pa.R.A.P. 2111(a)(1) (statement of jurisdiction); Pa.R.A.P. 2111(a)(2) and 2115(a) (order in question); Pa.R.A.P. 2111(a)(3) (statement of both the scope of review and standard of review); Pa.R.A.P. 2111(a)(4) and 2116 (statement of questions involved); Pa.R.A.P. 2111(a)(4) and 2117 (statement of the case); and Pa.R.A.P. 2111(a)(6) and 2118 (summary of the argument). Further, in his brief, the entirety of which consists of only two pages, J.S. lists bald allegations of error. J.S. includes no argument or citations to pertinent legal authorities to support his claims. **See** Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); **see also Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); **In re S.T.S., Jr.**, 76 A.3d 24, 42 (Pa. Super. 2013) (stating that "mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter.") (citation and quotation marks omitted)).

While we are willing to allow some leeway to *pro se* litigants, we will not act as J.S.'s appellate counsel and create legal theories for him. **See Commonwealth v. Hakala**, 900 A.2d 404, 407 (Pa. Super. 2006) (stating that "[i]t is not this Court's function or duty to become an advocate for

appellants.") (citation omitted).  The defects in J.S.'s brief are substantial, and preclude meaningful review.  Accordingly, we dismiss the appeal.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/20/2018