J-S74003-18
J-S74004-18
J-S74005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GERALD K. STOKES | : | |
| | : | |
| Appellant | : | No. 2485 EDA 2017 |

Appeal from the Judgment of Sentence February 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014259-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GERALD K. STOKES | : | |
| | : | |
| Appellant | : | No. 2486 EDA 2017 |

Appeal from the Judgment of Sentence February 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011050-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GERALD K. STOKES | : | |
| | : | |
| Appellant | : | No. 2487 EDA 2017 |

J-S74003-18
J-S74004-18
J-S74005-18


Appeal from the Judgment of Sentence February 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011073-2015

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY LAZARUS, J.:                **FILED DECEMBER 21, 2018**

Gerald K. Stokes appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his conviction on a series of sexual offenses filed under three separate bills of information.[1]  Upon review, we find Stokes' briefs substantially deficient and deem his claims waived.  Accordingly, we affirm his judgment of sentence.

On October 11, 2016, in a consolidated trial, Stokes was found guilty of the following crimes:  rape of a child, rape by forcible compulsion, corruption of a minor, and two counts of unlawful contact with a minor (docket no. CP-51-CR-0014529-2013); rape by forcible compulsion (docket no. CP-51-CR-0011050-2015); and rape of a child (docket no. CP-52-CR-0011073-2015).  He was sentenced on February 13, 2017, and his motion for reconsideration was denied on March 23, 2017.  Stokes' timely notice of appeal followed on April 21, 2017.[2]

---

[1] We have consolidated these appeals *sua sponte*, as they involve the same facts and legal issues.  **See** Pa.R.A.P. 513.

[2] His appeal was forwarded to the Superior Court without an opinion, as the presiding judge no longer sits on the Court of Common Pleas.

- 2 -

Under Pa.R.A.P. 2119, any appeal, including those challenging the sufficiency of the evidence must provide some analysis of the legal claims to provide this court with "a basis upon with to review [appellant's] claims." **See Commonwealth v. Hakala**, 900 A.2d 404, 406 (Pa. Super. 2006) (finding waiver where brief "failed to provide significant analysis of his claims or to offer citations of law . . . other than the standard of review"). When deficiencies in a brief prevent this court from conducting meaningful review, "we may dismiss the appeal entirely, or find certain issues to be waived." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super 2007) (citing Pa.R.A.P. 2101).

Stokes filed nearly identical briefs under each docket number. All three assert a single claim—there was insufficient evidence to convict him of "rape and related offenses." Brief of Appellant (2485 EDA 2017), at 3; Brief of Appellant (2486 EDA 2017), at 3; Brief of Appellant (2487 EDA 2017), at 3. None of the briefs, however, addresses the sufficiency of the evidence underpinning his convictions.[3] Stokes rarely goes beyond reciting a standard

_____

[3] The closest Stokes comes to addressing the sufficiency of the evidence is an assertion that "none of the complainants reported the sexual offenses contemporaneously with any event." Brief of Appellant (2485 EDA 2017), at 17; Brief of Appellant (2486 EDA 2017), at 16; Brief of Appellant (2487 EDA 2017), at 17. Not only is this assertion unsupported by citations to the record or developed in light of any case law, it does not explicate a sufficiency claim. **See Commonwealth v. Gaskins**, 692 A.2d 224, 227 (Pa. Super. 1997) ("credibility determinations are made by the fact finder and . . . challenges thereto go to the weight, and not the sufficiency, of the evidence").

or definition verbatim, and never applies the facts of the case to the law.  Brief of Appellant (2485 EDA 2017), at 16–18; Brief of Appellant (2486 EDA 2017), at 15–17; Brief of Appellant (2487 EDA 2017), at 16–18.  Because Stokes fails to offer analysis or case law in support of his claims, we deem them waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/21/18