J-S20045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY B. HARCUM | : | |
| | : | |
| Appellant | : | No. 118 MDA 2021 |

Appeal from the PCRA Order Entered December 7, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001704-2016,
CP-36-CR-0003877-2017, CP-36-CR-0005538-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY B. HARCUM | : | |
| | : | |
| Appellant | : | No. 119 MDA 2021 |

Appeal from the PCRA Order Entered December 7, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001704-2016,
CP-36-CR-0003877-2017, CP-36-CR-0005538-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY B. HARCUM | : | |
| | : | |
| Appellant | : | No. 120 MDA 2021 |

J-S20045-21

Appeal from the PCRA Order Entered December 7, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001704-2016,
CP-36-CR-0003877-2017, CP-36-CR-0005538-2015

BEFORE: NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: SEPTEMBER 9, 2021**

Larry Bernard Harcum ("Harcum") appeals, *pro se*, from the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We quash the appeal.

On August 4, 2017, Harcum entered an open guilty plea, at docket number CP-36-CR-0005538-2015 ("No. 5538-2015"), to delivery of heroin.[1] On the same date, Harcum additionally entered an open guilty plea, at docket number CP-36-CR-0001704-2016 ("No. 1704-2016"), to delivery of fentanyl. The trial court deferred sentencing at both dockets, pending preparation of a presentence investigation report ("PSI Report"). On December 1, 2017, the trial court imposed a sentence of 2½ to 6 years in prison at No. 5538-2015, and a consecutive term of 7-15 years in prison at No. 1704-2016.

Regarding docket number CP-36-CR-0003877-2017 ("No. 3877-2017"), the trial court summarized the relevant factual and procedural history in a prior Opinion as follows:

On December 1, 2017, a guilty plea and sentencing hearing was held before the court…. [Harcum] entered a non-negotiated

_____

[1] 35 P.S. § 780-113(a)(30).

guilty plea at [No. 3877-2017] to one count each of the following: [p]ossession with [i]ntent to [d]eliver ("PWID") – [h]eroin and [f]entanyl; [p]ossession of [p]araphernalia; [m]anufacture of [d]esigner [d]rug; and [d]riving under suspension ("DUS")[, his tenth offense]. [In addition, Harcum] entered a plea of *nolo contendere* to one count of criminal conspiracy,[2] which is count 4 on this docket. …

[Harcum] allowed the PSI Report completed for [Nos.] 5538-2015 and 1704-2016 to be incorporated into [the record at No. 3877-2017] and to be used as the basis of sentencing on [No.] 3877-2017. [A copy of the PSI Report was provided to Harcum's counsel prior to the December 1, 2017, sentencing hearings. Harcum's counsel indicated that he had reviewed it with Harcum and noted that, despite the new charges, the background information was the same.] Following comments, [Harcum] was sentenced on [No.] 3877-2017 as follows:

| | |
|---|---|
| [PWID]: | 3½ to 10 years |
| [paraphernalia]: | 6 to 12 months |
| [distribution of designer drug]: | 21 to 60 months |
| [conspiracy]: | 3½ to 10 years |
| [DUS]: | 3 to 6 months. |

… Count 1 [PWID] of [No.] 3877-2017 was made consecutive to [No.] 1704-2016. Counts 2 [paraphernalia], 4 [conspiracy], and 5 [DUS] were made concurrent with, and Count 3 [distribution of designer drug] was made consecutive to, Count 1 of [No.] 3877-2017. [Harcum's] aggregate sentence on [Nos.] 5538-2015, 1704-2016 and 3877-2017 was fourteen (14) years and nine (9) months to forty (40) years' incarceration, to be served in the state correctional system.

Trial Court Opinion, 3/29/19, at 1-3 (footnotes omitted; one footnote added).

Following an unsuccessful post-sentence Motion, Harcum filed a direct appeal

---

[2] 35 P.S. § 780-113(a)(32), (36); 75 Pa.C.S.A. § 1543(a); 18 Pa.C.S.A. § 903. Relevantly, the conspiracy charge related to conduct involving Harcum's fiancée.

at No. 3877-2017.[3]  This Court affirmed Harcum's judgment of sentence. ***See Commonwealth v. Harcum***, 195 A.3d 1045 (Pa. Super. 2018) (unpublished memorandum).

On July 5, 2019, Harcum, *pro se*, filed the instant PCRA Petition, listing all three docket numbers.[4]  In the PCRA Petition, Harcum challenged the effectiveness of his prior counsel.  The PCRA court appointed Harcum counsel.  PCRA counsel filed a Motion for an extension of time to file an amended PCRA petition and a Motion to compel trial counsel to produce Harcum's file.  The PCRA court granted counsel's Motion to compel.  PCRA counsel did not file an amended PCRA petition on Harcum's behalf, and instead filed a Motion to Withdraw from representation, along with a ***Turner/Finley***[5] No-Merit Letter.  On August 21, 2020, the PCRA court issued a Pa.R.Crim.P. 907 Notice of its intention to dismiss Harcum's PCRA Petition.  In its Rule 907 Notice, the PCRA court also granted PCRA counsel's Motion to Withdraw.  Harcum did not file a response.  On December 7, 2020, the PCRA court dismissed Harcum's PCRA Petition.

---

[3] Harcum did not file direct appeals at No. 5538-2015 or No. 1704-2016.
[4] Although the *pro se* PCRA Petition lists all three docket numbers, the PCRA Petition does not appear on the docket at No. 1704-2016.

[5] ***Commonwealth v. Turner***, 554 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On January 11, 2021,[6] Harcum filed separate *pro se* Notices of Appeal at each docket number.[7, 8]  Subsequently, on January 22, 2021, the PCRA court vacated its Pa.R.Crim.P. 907 Notice, indicating that it had been "erroneously titled."  By an Order entered on February 19, 2021, this Court consolidated Harcum's appeals *sua sponte*.

On appeal, Harcum alleges ineffective assistance of counsel.  **See** Brief for Appellant at 6-13 (unnumbered).  In particular, Harcum claims that "counsel failed to protect his right to a jury trial instead of wagering it away on [t]he Commonwelath [*sic*] representing that they would consider

---

[6] The last day to file timely notices of appeal was January 6, 2021.  **See** Pa.R.A.P. 903(a) (providing that "the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."). However, because Harcum filed his Notices of Appeal *pro se*, he is entitled to the benefit of the prisoner mailbox rule.  **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (stating that, "in the interest of fairness, the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing."); Pa.R.A.P. 121(c) (providing that "a *pro se* filing submitted by a person incarcerated in a correctional facility is filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing *as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence*." (emphasis added)).  Here, Harcum attached to his Notices of Appeal a copy of the mailing envelopes, which display a postmark date of January 5, 2021.  Because this evidences that Harcum deposited his *pro se* Notices of Appeal with prison authorities within the appeal period, we consider his appeals as timely filed.

[7] Harcum improperly filed his Notices of Appeal in this Court rather than with the PCRA court.  Upon receipt, this Court returned the *pro se* Notices of Appeal to the Lancaster County Clerk of Courts in order to perfect the appeals.

[8] The PCRA court did not direct Harcum to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

dismissing charges against his fiancée." ***See id.*** at 6, 9, 11, 12-13 (unnumbered).

Initially, we note that on April 15, 2021, the Commonwealth filed a Motion to Quash, citing procedural deficiencies in Harcum's appellate brief. After review, we confirm that Harcum's appellate brief fails to the comply with the following requirements:  Pa.R.A.P. 2111(a)(2) (statement of jurisdiction); Pa.R.A.P. 2111(a)(2) and 2115(a) (order in question); Pa.R.A.P. 2111(a)(3) (statement of both the scope of review and standard of review); Pa.R.A.P. 2111(a)(4) and 2116 (statement of questions involved); Pa.R.A.P. 2111(a)(5) and 2117 (statement of the case); and Pa.R.A.P. 2111(a)(6) and 2118 (summary of the argument).  Indeed, Harcum merely re-filed his *pro se* PCRA Petition, with an additional cover page titling the document the "Brief of Appellant."  Moreover, Harcum's "brief" includes a bare assertion that his guilty plea was involuntarily entered, because the Commonwealth agreed to "consider" dropping the charges against his fiancée.[9]

---

[9] The record reflects that, during the December 1, 2017, guilty plea and sentencing hearing, Harcum stated, "it was said to me that if I pled guilty to these charges, it will be considered that they [the Commonwealth] would drop the charges against my fiancée."  N.T., 12/1/17, at 6.  The trial court clarified that any agreement concerning Harcum's fiancée was not part of his sentence for the no-contest plea to conspiracy. ***Id.***  The trial court then asked Harcum to confirm his understanding that by entering a plea, he was "admitting to factual guilt" for the conduct giving rise to the charges. ***Id.***  Harcum replied, "Yes, ma'am.  Under my own free will." ***Id.*** at 7.

While we are willing to allow some leeway to *pro se* litigants, we will not act as Harcum's appellate counsel and create legal theories for him. ***See Commonwealth v. Hakala***, 900 A.2d 404, 407 (Pa. Super. 2006) (stating that "[i]t is not this Court's function or duty to become an advocate for appellants.") (citation omitted). It is well settled that a *pro se* appellant is not entitled to any advantage due to their lack of legal training, and must comply with the Pennsylvania Rules of Appellate Procedure. ***See Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (stating that "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."). The defects in Harcum's brief are substantial and preclude meaningful review. Accordingly, we grant the Commonwealth's Motion to Quash, and quash Harcum's appeal.

Motion to Quash granted. Appeal quashed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/09/2021