J-S42015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NELSON CUEVAS | : | |
| | : | |
| Appellant | : | No. 644 MDA 2024 |

Appeal from the PCRA Order Entered April 19, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000069-2019

BEFORE: LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY LAZARUS, P.J.: **FILED: JANUARY 17, 2025**

Nelson Cuevas appeals from the order, entered in the Court of Common Pleas of Lebanon County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After our review, we affirm.

The trial court summarized the history of the case in its opinion addressing Cuevas' post-sentence motions:

> In October of 2018, [Cuevas'] 6-year-old stepdaughter, J.B., reported a "secret" to another family member. The "secret" was that [Cuevas] had performed oral sex upon her, touched her with his "private part," and placed his "private part" inside her "thothe[,]"[1] causing her to be "hurted." J.B. stated that she was 5-years of age when these events occurred.

---

[1] J.B. used the terms "thothe" and "dick" to refer to the male and female sexual organs, respectively. *See* N.T. Trial, 7/27/20, at 27–33, 35–36 (referencing Exhibits 6 and 7, marked diagrams of a girl and a boy).

Police were summoned regarding the complaint on October 14, 2018. Angela Farrisi [] of Lebanon County Children and Youth Services agency (hereafter CYS) met with J.B. and other members of her family. As a result of initial information provided by J.B., Farrisi scheduled a formal forensic interview at the Lebanon County Children's Resource Center (CRC). Forensic interviewer Violet Winter conducted an interview with J.B. on October 25, 2018. This interview was videotaped. It was also observed in real time by Detective Matthew Brindley of the Lebanon County Detective Bureau. During the interview, J.B. repeated her report that [Cuevas] sexually abused her.

On October 29, 2018, Farrisi and Detective Brindley interviewed [Cuevas]. [Cuevas] denied raping J.B. but acknowledged that he doubted J.B. would lie. [Cuevas] surmised that J.B. was mistaken and that it was actually her mother's current boyfriend who sexually assaulted the young girl.

[Cuevas] was charged with numerous sexually[-]related offenses on December 13, 2018. Shortly thereafter, the Lebanon County Public Defender's Office was appointed to represent [Cuevas]. Despite being represented, [Cuevas] filed numerous *pro se* pre-trial motions and appeals[, which the trial court denied and this Court quashed].

* * *

A jury trial was conducted as scheduled on July 27, 2020 and July 28, 2020. Following the trial, a Lebanon County jury found [Cuevas] guilty on all but one count lodged against him. Sentencing occurred on December 30, 2020. [The trial court] imposed a sentence of 20 to 40 years in a State Correctional facility. Thereafter, [Cuevas] filed post-sentence motions [on January 11, 2021, and amended post-sentence motions on January 29, 2021].

Trial Court Opinion, 6/7/21, at 2–8 (capitalization altered).

The trial court denied Cuevas' post-sentence motions and this Court affirmed his judgment of sentence. *See **Commonwealth v. Cuevas***, 930 MDA 2021 (Pa. Super. filed June 13, 2022) (unpublished memorandum decision). On March 15, 2023, our Supreme Court denied Cuevas' petition for

leave to file a petition for allowance of appeal *nunc pro tunc*. **See** Order, 3/15/23.

Cuevas filed the instant PCRA petition, *pro se*, on May 9, 2023. Court-appointed counsel filed an amended petition alleging numerous claims of ineffectiveness of counsel. The PCRA court held a hearing on April 18, 2024, at which Cuevas appeared by videoconference. On April 19, 2024, the PCRA court issued an order dismissing Cuevas' petition. This timely appeal follows, in which Cuevas raises the following claim for our review:

> Did the [PCRA c]ourt err in not finding that [Cuevas'] prior [c]ounsel provided ineffective assistance while representing him prior to and at trial in the underlying matter?

Brief of Appellant, at 12.

In reviewing an order denying relief under the PCRA, this Court's standard of review is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Hipps**, 274 A.3d 1263, 1266 (Pa. Super. 2022).

Cuevas alleges that trial counsel was ineffective. To establish a claim of counsel's ineffectiveness, a petitioner must overcome the presumption that counsel was effective by proving "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation

omitted). "The failure to prove any one of the three prongs results in the failure of petitioner's claim." *Id.*

Prior to reaching the merits of Cuevas' claim, we must determine whether the claim is waived for lack of development. The argument section of Cuevas' brief, excluding the single page containing boilerplate recitations of this Court's standard of review and the three-pronged *Strickland*[2] ineffectiveness test, consists of a mere two pages. *See* Brief of Appellant, at 18-19. Cuevas' argument contains only bald allegations, unsupported by legal analysis or citation to caselaw, that: (1) counsel met with Cuevas only one time; (2) counsel saw no need to hire an expert; (3) counsel "did not see the need for" Cuevas' efforts to secure a private investigator; and (4) the jury selection process was "not conducted as usual and was not perfect." *See* Brief of Appellant, at 18-19. Additionally, Cuevas' prejudice argument consists, in toto, of the following conclusory statement:

> The record in this matter clearly shows that [Cuevas] suffered prejudice as a result of prior counsel's inaction. His jury was compromised as the process to select that jury was unusual and not perfect.

*Id.* at 19.

_____

[2] *Strickland v. Washington*, 466 U.S. 668 (1984) (to demonstrate ineffectiveness, petitioner must plead and prove that: (1) underlying legal issue has arguable merit; (2) counsel's actions lacked objective reasonable basis; and (3) actual prejudice befell petitioner from counsel's act or omission). *See also Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987) (adopting holding in *Strickland*).

"The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) (internal citation and quotation marks omitted). Because Cuevas fails to develop any meaningful legal argument, we hold that his claim is waived. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015) (explaining appellant "ha[d] made no effort whatsoever to discuss the applicable law or link the facts of his case to that law" and concluding that "[h]is failure to develop a coherent legal argument in support of his claim results in waiver of [the] issue"); *Commonwealth v. Hakala*, 900 A.2d 404, 407 (Pa. Super. 2006) (finding waiver where appellant "fail[ed] to offer either analysis or case citation in support of the relief he seeks" and admonishing that "it is not this Court's function or duty to become an advocate for the [appellant]").

Order affirmed. Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/17/2025