J-S61038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM JOHN COOPER, JR., | : | |
| | : | |
| Appellant | : | No. 303 WDA 2016 |

Appeal from the Judgment of Sentence February 12, 2016
in the Court of Common Pleas of Blair County,
Criminal Division, No(s): CP-07-CR-0001197-2015

BEFORE:  PANELLA, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED October 3, 2016**

William John Cooper, Jr. ("Cooper") appeals from the judgment of sentence imposed following his convictions of theft by unlawful taking and receiving stolen property.[1]  We affirm.

On April 2, 2015, John Long ("Long") took a Speed Buggy lunchbox, with orange "smiley face" stickers affixed, to Violet's Auction House ("Auction House"), to sell on his behalf at an auction scheduled for that day. The lunchbox was placed in the back gallery of Auction House, and photographs of the lunchbox were displayed on AuctionZip.  Upon returning to check on the lunchbox, Long discovered that it was missing.

Cooper, an employee of Auction House, was working on the day of the auction, and had access to the back gallery.  When Long discovered that the lunchbox was missing, Cooper told him that it had already been sold.  Two

---

[1] 18 Pa.C.S.A. §§ 3921(a), 3925(a).

days after the scheduled auction, Long recognized the lunchbox on the Blair County Yard Sale website. Long arranged to purchase the lunchbox, and Cooper handed Long the lunchbox at the exchange site.

Subsequently, Trooper Jeffrey Hileman ("Hileman") conducted two separate interviews with Cooper, the second of which was recorded. Relevantly to this appeal, Cooper requested a copy of the second interview, but the recording had been erased. Cooper was charged with the above-mentioned crimes. Cooper filed a Motion *in Limine*, requesting that the trial court suppress any statements made by Cooper during the second interview. The trial court denied the Motion.

Following a bench trial, Cooper was convicted of theft by unlawful taking and receiving stolen property. The trial court ordered Cooper to pay a $2,000 fine and the costs of prosecution.

Cooper filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Cooper raises the following questions for our review:

I. Whether the Commonwealth presented sufficient evidence to allow the court to conclude that [Cooper] was guilty of theft[] and receiving stolen property[?]

II. Whether the trial court erred in allowing the introduction of statements made by [Cooper] when the Commonwealth failed to preserve the recording of these statements[?]

Brief for Appellant at 4.

In his first claim, Cooper contends that the evidence was insufficient to sustain his convictions. *Id.* Cooper argues that he purchased the lunchbox as part of a box that included several other items. *Id.* Cooper also asserts that the lunchbox could have been placed in the box by one of the many other people who were in the area where the lunchbox went missing. *Id.*

Here, Cooper's argument contains five sentences reiterating his defense, without providing any analysis or citation to the record or relevant legal authority. *See* Pa.R.A.P. 2119(a) (requiring that each point in an argument contain "such discussion and citation of authorities as are deemed pertinent."). Cooper's bare assertions deprive this Court of a basis upon which to review his claims. "Although we might comb the record to assure that the elements of [Cooper's] convictions are established, absent some reasoned analysis from [Cooper] we decline to do so." *Commonwealth v. Hakala*, 900 A.2d 404, 407 (Pa. Super. 2006); *see also Commonwealth v. Brewer*, 876 A.2d 1029, 1035 (Pa. Super. 2005) (stating that "[i]t is the [a]ppellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law.") (citation omitted). Accordingly, this claim is waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *see also*

*Hakala*, 900 A.2d at 407 (stating that "[i]t is not this Court's function or duty to become an advocate for the appellants.") (citation omitted).[2]

In his second claim, Cooper asserts that the trial court erred in failing to suppress the introduction of statements he made during his second interview with police, where the Commonwealth failed to preserve the recording. Brief for Appellant at 8. Cooper claims that the Commonwealth acted in bad faith by failing to preserve the recording. *Id.*[3]

Upon review, we conclude that the trial court did not err in denying Cooper's Motion, and we affirm upon the sound reasoning of the trial court as to this claim. **See** Trial Court Opinion, 4/5/16, at 4-6.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2016

---

[2] Even if we considered Cooper's first claim, we would find that there was sufficient evidence to sustain Cooper's convictions, in accordance with the reasons set forth by the trial court. **See** Trial Court Opinion, 4/5/16, at 6-9.

[3] Cooper again fails to provide an adequate discussion of his second claim with citations to the record. **See** Pa.R.A.P. 2119(a); **see also Hakala**, **supra**.



IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     :
    :    NO. 2015 CR 1197
    vs.    :
    :

WILLIAM JOHN COOPER,     :
    Defendant    :

| HON. WADE A. KAGARISE | PRESIDING JUDGE |
| EMILY FREED, ESQUIRE | ASST. DISTRICT ATTORNEY |
| JOHN F. SIFORD, ESQUIRE | ASST. PUBLIC DEFENDER |

### RULE 1925(b) OPINION

**Date: April 5, 2016**

This Opinion is issued by the Court following the Appellant's filing of a Concise Statement of Errors Complained of on Appeal pursuant to Rule of Appellate Procedure 1925.

**PROCEDURAL HISTORY**:

The Pennsylvania State Police charged the Defendant by Criminal Complaint on May 4, 2015 with the charges of theft by unlawful taking and receiving stolen property. The criminal acts were alleged to have occurred between March 29, 2015 and April 2, 2015. The Defendant waived his preliminary hearing on June 11, 2015. The Commonwealth filed a Criminal Information on July 10, 2015, charging the Defendant with theft by unlawful taking and receiving stolen property as misdemeanors of the second degree.

The Defendant filed a Motion to Suppress on September 14, 2015. This Motion to Suppress alleged that the arresting officer, Pennsylvania State Trooper Hileman, entered the Defendant's residence without consent and proceeded to question the Defendant. Therefore, the

RECEIVED
APR 05 2016
BLAIR COUNTY
PUBLIC DEFENDER'S OFFICE

1

Defendant alleged that these acts were a violation of the Defendant's constitutional protection against unreasonable searches and seizures. A hearing on the Defendant's Motion to Suppress occurred on November 10, 2015. The Honorable President Judge Jolene Grubb Kopriva issued an Opinion and Order on November 23, 2015, denying the Defendant's Motion to Suppress. The case proceeded through the pretrial phase of litigation. The Defendant subsequently waived his right to a jury trial and proceeded to request a trial by judge. The Commonwealth consented to the matter being heard as a trial by judge.

Prior to the trial by judge occurring, the Commonwealth moved to amend the Criminal Information to reflect additional charges of theft by unlawful taking and receiving stolen property as misdemeanors of the third degree in addition to the misdemeanors of the second degree. This request was granted and a count 3 and count 4 were included to reference the charges as misdemeanors of the third degree. Prior to trial, the Defendant also filed a Motion in Limine. In the Defendant's Motion in Limine, the defense asked that any statements made to the arresting officer in this case during a second interview of the Defendant on April 16 be ruled inadmissible. The Court dealt with this Motion in Limine by Order of the Court dated February 11, 2016. The trial by court occurred on February 11 and February 12, 2016. At the close of the Commonwealth's case, the defense made a Motion for Judgment of Acquittal to dismiss counts 1 and 2, which were the theft by unlawful taking and receiving stolen property counts that were graded as misdemeanors of the second degree. The Court granted the Defendant's Motion for Judgment of Acquittal regarding these counts. The charges of theft by unlawful taking and receiving stolen property as misdemeanors of the third degree proceeded to verdict. At the conclusion of trial, the Court found the Defendant guilty of theft by unlawful taking and receiving stolen property as misdemeanors of the third degree. The Defendant waived his right

2

to a presentence investigation and proceeded directly to sentencing per his wishes. The Court sentenced the Defendant on February 12, 2016 by accepting the Commonwealth's recommendation that the Defendant be ordered to pay a fine only. Therefore, the Court sentenced the Defendant on the charge of theft by unlawful taking as a misdemeanor of the third degree and ordered him to pay the costs of prosecution and a fine in the amount of $2,000.00. No further sentence was imposed. The Court found that the amended count 4, receiving stolen property, resulted in a factual and legal merger and therefore no further sentence was imposed on that count. The Defendant was advised of his right to file an appeal of the Court's verdict.

The Defendant filed a Notice of Appeal on February 23, 2016. The Court issued an Order on February 29, 2016, which directed the Defendant to file a Concise Statement of Errors Complained of on Appeal. The Defendant filed his Statement of Matters Complained of Pursuant to 1925(b) on March 3, 2016. This 1925(b) Opinion follows.

## APPLICABLE LAW/DISCUSSION:

In the Defendant's Statement of Matters Complained of Pursuant to 1925(b) of the Rules of Appellate Procedure, the Defendant alleged the following errors:

1. Whether the Suppression Court erred in denying Mr. Cooper's motion to suppress his statement and allowing its introduction at trial.

2. Whether the Trial Court erred in allowing the introduction of a second set of statements made by Mr. Cooper when the Commonwealth was unable to produce the actual recording of those statements.

3. Whether the evidence was sufficient to allow the Trial Court to conclude that Mr. Cooper is guilty beyond a reasonable doubt.

4. Whether the Trial Court's determination that Mr. Cooper is guilty beyond a reasonable doubt goes against the weight of the evidence.

We will address each one of these errors individually.

3

1. Whether the Suppression Court erred in denying Mr. Cooper's motion to suppress his statement and allowing its introduction at trial.

   This Court notes that this issue was addressed in the Honorable President Judge Jolene Grubb Kopriva's Opinion and Order that was issued on November 23, 2015. We believe that it appropriately addresses the suppression related issues and we therefore incorporate that Opinion and Order into this Opinion.

2. Whether the Trial Court erred in allowing the introduction of a second set of statements made by Mr. Cooper when the Commonwealth was unable to produce the actual recording of those statements.

   Under **Pennsylvania Rule of Evidence 1004**, "an original is not required and other evidence of the content...of a recording...is admissible if: (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith; (b) an original cannot be obtained by any available judicial process." **Pa.R.E. 1004(a)-(b).** When the proponent of the evidence alleges that it is lost, there should be evidence that a sufficient search was made. See *Hera v. McCormick*, 625 A.2d 682, 687 (1993). The burden of proof is on the defendant to demonstrate that the Commonwealth withheld or suppressed evidence. *Commonwealth v. Cam Ly*, 980 A.2d 61, 75 (Pa. 2009).

   Here, an examination of the evidence adduced at trial demonstrates not only that the original recording of Mr. Cooper's statement was lost, but also that the Commonwealth acted in good faith and conducted a thorough search in their attempt to retrieve the original recording. Trooper Jeffrey Hileman of the Pennsylvania State Police testified that he interviewed the Defendant on two occasions, and that on the second occasion, April 16, 2015, the interview was recorded. **Commonwealth v. William J. Cooper Jr., Trial Transcript [hereinafter "Trial Tr."] (Feb. 11-12, 2016) at 26.** During the pre-trial evidentiary hearing, Trooper Hileman explained the

4

process of recording statements using the department's mobile video recorders ("MVR"). On April 16, 2016, Trooper Hileman testified that he turned on the MVR on his lapel, asked Defendant if he consented to their conversation being recorded, and proceeded to interview the Defendant after obtaining his consent. **Trial Tr. at 28**.

Following this conversation, the Trooper made a request (i.e. Commonwealth's Pre-trial Exhibit 1) for this interview to be transcribed onto a disc. However, the Trooper's request asked for transcription of a window of time, which did not include the conversation with Defendant. Specifically, Trooper Hileman requested the recording from April 16, 2015 starting at 18:15:35 be preserved, when the Defendant's statement started at approximately 17:02:00. **Trial Tr. at 30.** The Trooper testified that he believed at the time of his request that the 18:15: 35 time included the interview with Mr. Cooper. **Trial Tr. at 43.** As such, the conversation with the Defendant was not transcribed at this time. Department protocol is to keep recordings for 90 days and the Trooper testified that he did not review this transcribed disc within that 90 day period, which was why he did not recognize the omission of the Defendant's statement until it was too late to recover. **Trial Tr. at 44.** Realizing that this omission had occurred, the Trooper testified that he attempted to preserve the conversation after realizing that it had not been transcribed by contacting his superiors. **Trial Tr. at 41.** However, his superiors informed him that "too much time had elapsed…[and] that recording that would have been there on the 16[th] of April, 2015, would have been taped over." **Trial Tr. at 41.**

We find Trooper Hileman's testimony credible. This evidence supports the Commonwealth's stance that the recording was lost and that a sufficient search was

5

made to recover it. Therefore, the Court reaffirms our earlier denial of the Defendant's Motion in Limine. We believe Trooper Hileman's testimony at trial was admissible.

3. Whether the evidence was sufficient to allow the Trial Court to conclude that Mr. Cooper is guilty beyond a reasonable doubt.

Whether sufficient evidence exists to support a verdict is a question of law; the standard of appellate review is de novo and the scope of review is plenary. *Commonwealth v. Murray*, 83 A.3d 137, 151 (Pa. 2013). In reviewing the sufficiency of the evidence, the [Court] determines whether the evidence presented at trial, combined with all reasonable inferences therefrom, is sufficient to conclude that the Commonwealth has established each element of the offense beyond a reasonable doubt. *Commonwealth v. Lyons*, 79 A.3d 1053, 1061-62 (Pa.2013). "The critical inquiry on review of sufficiency of the evidence to support a criminal conviction does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Commownealth v. Ratsamy*, 934 A.2d 1233, 1235 (Pa. 2007). Rather a court must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict. *Commonwealth v. Martin*, 101 A.3d 706, 729 (Pa. 2014). In making a determination as to whether the evidence adduced at trial is legally sufficient to sustain a guilty verdict, [the Court] must evaluate the entire trial record and consider all the evidence actually received. *Commonwealth v. Davis*, 799 A.2d 860, 865-66 (Pa. Super. 2002).

This Court, acting as fact-finder at trial, found the Defendant guilty of (1) theft by unlawful taking; and (2) receiving stolen property. Under Pennsylvania law, a person is guilty of theft by unlawful taking if "he unlawfully takes, or exercises unlawful

6

control over, movable property of another with intent to deprive him thereof." **18 P.S.A. § 3921(a)**. A person is guilty of receiving stolen property if "he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." **18 Pa.C.S.A. § 3925(a)**.

First, looking at the evidence in the light most favorable to the Commonwealth, we find that there is sufficient evidence to support Defendant's conviction for theft by unlawful taking. The auction house owner, Mr. Adam Violet, testified that Defendant was his employee on the day in question, April 2, 2015, **[Trial Tr. at 83]**, that John Long gave Mr. Violet a Speed Buggy lunch box with orange smiley face stickers to sell on his behalf **[Trial Tr. at 85, 90]**, that this lunchbox was placed in the back gallery of the auction house and displayed in photographs via AuctionZip **[Trial Tr. at 86, 88]**, that the lunchbox was not in the back gallery when John Long came to check on it later that day **[Trial Tr. at 90]**, that the Defendant was working on April 2, 2015, and that Defendant had a key to the auction house and access to the back gallery **[Trial Tr. at 91-92]**.

John Long, the owner of the lunchbox in question, testified that he brought a Speed Buggy lunchbox with orange smiley face stickers on it to Violet's Auction House to be sold before the auction scheduled on April 2, 2015. **Trial Tr. at 124-125.** Mr. Long further testified that the lunchbox contained an original thermos and extra cap **[Trial Tr. at 124]**, that he saw pictures of his lunchbox on AuctionZip, which showed its location in the back gallery **[Trial Tr. at 126-127]**, that prior to the auction of the items in the back gallery Mr. Long noticed his lunchbox was missing

7

[**Trial Tr. at 127**], that Mr. Long encountered Defendant at the auction house that day and that Defendant told Mr. Long the lunchbox had already sold. **Trial Tr. at 128.** Most convincing though, was that Mr. Long recognized his lunchbox for sale on Defendant's yard sale website two days after the auction, and that when he went to purchase the lunchbox it was the Defendant, William Cooper, who physically handed the lunchbox to Mr. Long. **Trial Tr. at 130-136.**

Here, the aforementioned evidence is more than sufficient to support Defendant's conviction for theft by unlawful taking. A fact-finder could, and did, find that John Long and Adam Violet had legal property interests to the Speed Buggy lunchbox as the owner and consignee, respectively. They could find that Defendant, an employee of the auction house and experienced auction attendee, recognized the Speed Buggy lunchbox and its value. They could find that Defendant seized upon the opportunity by taking the lunchbox off the table in the back gallery of Violet's auction house and taking it home with him. They could find that the Defendant had no intent to return the property to its rightful owners, as evidenced by Defendant listing the lunchbox on a Blair County Yard Sale website a mere two days after he stole it and then selling it for forty dollars of profit. A factfinder would also find that this was the one and only Speed Buggy lunchbox as evidenced by the orange smiley face stickers on the lunchbox, which were mentioned in testimony and depicted in photographs.

Second, we find that there is sufficient evidence to support Defendant's conviction for receiving stolen property. Evidence establishes that the Defendant had the Speed Buggy lunchbox in his possession. Defendant listed the lunchbox for sale on his webpage and brought the lunchbox with him to the meet/sale with John Long.

8

As such there is no doubt that the Defendant had the movable property of another in his possession. Further, we find that Defendant clearly knew it was the property of another when he obtained possession and that he had no intent to return it to its rightful owner. Defendant had a conversation with John Long on the day of the auction, during which Mr. Long asked Defendant where his lunchbox was. This conversation served to put Defendant on notice of two things: (1) that the lunchbox belonged to Mr. Long; (2) that the lunchbox was missing and therefore not properly purchased by a legitimate buyer. Defendant therefore was fully aware when he posted this lunchbox on the website that it belonged to another and by putting it up for sale, he clearly had no intention of returning it.

We find that there is sufficient evidence to affirm Defendant's convictions for both charges.

4. Whether the Trial Court's determination that Mr. Cooper is guilty beyond a reasonable doubt goes against the weight of the evidence.

A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record

9

disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings. *Commonwealth v. Cousar*, 928 A.2d 1025, 1035-36 (Pa. 2007).

Pennsylvania law does not maintain separate standards for weight of the evidence claims when the fact finder is a judge, as opposed to a jury. *See Commonwealth v. Wall*, 953 A.2d 581 (Pa. Super. 2008) (holding that Judge Dempsey's rulings as the fact finder and trial judge were not contrary to the weight of the evidence. The Judge's denial of the weight of the evidence claim was affirmed by the Superior Court). As such, this Court acting as factfinder in the instant trial, will hold itself to the same standard in our review of Defendant's weight of the evidence claim.

This Court finds that the Defendant's guilty verdict is not contrary to the weight of the evidence. To begin with, the evidence clearly established that Defendant was at Violet's Auction House the day that the lunchbox went missing. Mr. Violet [**Trial Tr. at 92**], Mr. Long [**Trial Tr. at 128**], and the Defendant himself all testified that Defendant was there on the day in question. **Trial Tr. Day 2 at 6.** Mr. Long [**Trial Tr. at 130-136**], Trooper Hileman [**Trial Tr. at 150-156**], and Gordon McConnell [**Trial Tr. at 197-98**], all presented testimony that the Defendant wanted to sell or successfully completed a sale of a Speed Buggy lunchbox. Most convincingly, the actual owner of the stolen property, Mr. Long, was forced to buy back his lunchbox from the Defendant. The aforementioned evidence paints a very clear picture. The Defendant took a Speed Buggy lunchbox from a table in the auction house, took the lunchbox home with him, posted it for sale on his website via Facebook, and sold it for $40.00 to the original owner, Mr. Long.

10

It is not dispositive grounds for a new trial that the Defendant presented evidence via his girlfriend's and his own testimony to the contrary. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Commonwealth v. Smith*, 853 A.2d 1020, 1028 (Pa. Super. 2004). Defendant's testimony presents an alternative version of events, which is riddled with contradictions, wherein Defendant asserts that he bought a box lot at the auction house, which contained the Speed Buggy lunchbox with orange smiley face stickers wrapped in a dollar general bag. **Trial Tr. Day 2 at 18-20.** Despite this testimony from Defendant, this Court found the collective testimony of Adam Violet, John Long, Gordon McConnell, and Trooper Hileman to be more credible. Apart from Defendant and his girlfriend's testimony, his girlfriend who was not present at the auction, no evidence supports Defendant's version of events. For that reason, this Court finds that Defendant's convictions were not contrary to the weight of the evidence.

## CONCLUSION:

For the reasons detailed in this Opinion, this Court believes that the Defendant's appeal is without merit.

BY THE COURT:

_____
                                                  J.

11