J-S57038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARIM GAGE | |
| Appellant | No. 1219 EDA 2015 |

Appeal from the PCRA Order Dated March 18, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0004663-2007

BEFORE: MUNDY, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                      **FILED FEBRUARY 13, 2017**

Appellant Karim Gage *pro se* appeals from the March 18, 2015 order of the Court of Common Pleas of Delaware County ("PCRA court"), which denied without a hearing his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9451-46. Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. As recounted by a prior panel of this Court:

> At 2:08 a.m. on April 12, 2007, police were called to Diamond Lounge in Darby, Delaware County, where, as a result of witnesses' statements and the evidence at the scene, Appellant was identified as a person of interest in a shooting. Later that day, police received a report of shots fired at Appellant's residence. When they responded, Appellant was not at the residence; however police received a tip from a known, reliable confidential informant that individuals went to Appellant's home to kill him in retaliation for the earlier shooting. The informant also told police that Appellant fled from his home and was hiding with a gun at the Sunshine Laundromat in Darby.

When the police entered the laundromat, Appellant was standing near a plastic laundry bin in the corner of the premises and moved away from it as the police approached. The laundry bin had a locking lid and there were folded clothes on top of it. Police searched Appellant for weapons and handcuffed him for safety. Police discovered several hundred dollars in cash on his person. At that time, they placed Appellant under arrest and asked whether anything else in the Laundromat, including the laundry bin in the corner, belonged to him. Appellant indicated that nothing in the laundromat belonged to him. Upon searching the laundry bin, police found a bag of crack cocaine, around 100 empty Ziploc bags, and a gun. The gun was a .22 caliber revolver that had been fired once.

After finding this evidence, the police asked the laundromat owner to review the surveillance video. The video showed Appellant enter the laundromat, walk back and forth while looking out the windows, go to the rear of the laundromat, and approach the laundry basket, and make motions with his hands. Later, while in custody, Appellant admitted he had fired one bullet from his gun while fleeing his house. Prior to trial, Appellant filed a motion to suppress the gun and the drugs, which the trial court denied.

On September 18, 2008, following a jury trial, Appellant was found guilty of [possession with intent to deliver ("PWID") (35 P.S. § 780-113(a)(30))], possession of a controlled substance [(35 P.S. § 780-113(a)(16))], and possession of drug paraphernalia [(35 P.S. § 780-113(a)(32))]. Appellant was also found guilty in a bench trial of possession of a firearm by a person not to possess a firearm [(18 Pa.C.S.A. § 6105)]. The trial court sentenced him to a mandatory minimum of five to ten years for PWID, a consecutive term of three to six years for the firearms conviction.[1]

Appellant filed a timely notice of appeal and Pa.R.A.P. 1925(b) statement of errors complained of on appeal on January 7, 2009; however, counsel failed to file a brief and the appeal was dismissed. Appellant sought relief under the PCRA and the PCRA court reinstated his direct appeal rights *nunc pro tunc* on October 6, 2010.

---

[1] The charge of simple possession merged with PWID for the purpose of sentencing.

*Commonwealth v. Gage*, No. 3012 EDA 2010, unpublished memorandum, at 1-3 (Pa. Super. filed October 25, 2011) (internal citations and footnotes omitted), *appeal denied*, 63 A.3d 774 (Pa. 2013).

On appeal, we affirmed Appellant's judgment of sentence, concluding that his conviction was supported by sufficient evidence and that the trial court did not err in denying his suppression motion.  As noted, our Supreme Court denied Appellant's petition for allowance of appeal and subsequently, on October 7, 2013, Appellant *pro se* petitioned the PCRA court for PCRA relief.  The PCRA court appointed counsel who eventually filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and petitioned to withdraw from the case.  The PCRA court granted counsel's petition on February 20, 2015.  Thereafter, following the PCRA court's issuance of a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, the PCRA court denied Appellant PCRA relief on March 18, 2015.  Appellant timely appealed to this Court.  Appellant *pro se* filed a Pa.R.A.P. 1925(b) statement, raising three assertions of error, reproduced verbatim here:

> I.    Whether a county or federal government has jurisdiction to charge me with these crimes inside the State of Pennsylvania? (Specifically Delaware County).  I hereby request that the court order Delaware County, and the Department of Justice to produce the documentation specified per the statute to establish their criminal jurisdiction.  I Karim A. Gage hereby challenge the jurisdiction of the local and federal prosecutors.  40 USCS § 255, 3112(b)(c).

> II. If an individual has a natural right of liberty, to be free from intrusion and infringement, (specifically during police encounters.) Is it the duty of the officers and the court as evidenced by your oath of office and fidelity bond to uphold the constitution and protect all citizens and, or individuals from government intrusion?
>
> III. Whether sentence imposed was lawful including: but not limited to mandatory minimums, enhanced sentencing, aggregate sentences, and consecutive sentences?

Rule 1925(b) Statement, 4/12/15. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant's claims either lack merit or are waived.

On appeal,[2] Appellant raises three issues for our review:

> I. Whether the trial court abused it's [sic] discretion when it denied [the] motion to suppress evidence since the evidence was seized in violation of the Fourth and Fourteenth Amendment of the United States and State Constitution and Article III, Section 1 and 2. Article 1 Section 8 of the Pennsylvania Constitution and the Fruit of the Poisonous Tree Doctrine?
>
> II. Whether the confiscation of the $870.00 and a cell phone from my person was lawful?
>
> III. Whether all prior counsel were ineffective for failing to raise the fact that other people occupied the area where the items were allegedly found?

Appellant's Brief at 5.[3]

---

[2] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

[3] To the extent Appellant appears to challenge the jurisdiction of the PCRA court, such challenge is waived because Appellant did not raise it in his question presented. ***See*** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

At the outset, we note that Appellant's issues on appeal are without merit or waived because he either raised them or could have raised them on direct appeal, or failed to preserve them for our review by failing to include them in his Rule 1925(b) statement. Specifically, Appellant's first issue does not warrant review because he previously litigated it on direct appeal. **See** 42 Pa.C.S.A. § 9543(a)(3) ("That the allegation of error has not been previously litigated or waived."); **see also** 42 Pa.C.S.A. § 9544(a)(2) (an issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue").

Appellant's second claim is waived because "it could have been raised prior to the filing of the PCRA petition, but was not." **Commonwealth v. Turetsky**, 925 A.2d 876, 879 (Pa. Super. 2007), **appeal denied**, 940 A.2d 365 (Pa. 2007) (citation omitted); **see also** 42 Pa.C.S.A. § 9544(b) (stating, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding.").

Appellant's third issue is waived because he failed to raise it in his Rule 1925(b) statement. As amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998). Moreover, an appellant cannot raise a new issue on

appeal. *See* Pa.R.A.P. 302(a). Even if Appellant had preserved his third issue for review, he still would not be entitled to relief because he fails to develop the issue adequately with citation to the record and legal authority. Indeed, Appellant does not mention his third claim in the argument section of his brief. It is settled that "[w]e shall not develop an argument for [the appellant], nor shall we scour the record to find evidence to support an argument; consequently, we deem this issue waived." *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007), *appeal denied sub nom. Commonwealth v. Imes*, 982 A.2d 509 (Pa. 2009); *see* Pa.R.A.P. 2119(a), (b). "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." *Beshore*, 916 A.2d at 1140 (Pa. Super. 2007) (internal citation and quotation marks omitted); *see also Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015) (explaining that the appellant "ha[d] made no effort whatsoever to discuss the applicable law or link the facts of his case to that law" and concluding that "[h]is failure to develop a coherent legal argument in support of his claim results in waiver of [the] issue"); *Commonwealth v. Hakala*, 900 A.2d 404, 407 (Pa. Super. 2006) (finding waiver where the appellant "fail[ed] to offer either analysis or case citation in support of the relief he seeks" and admonishing that "it is not this Court's function or duty to become an advocate for the [appellant]").

Finally, insofar as Appellant argues that, based on **Alleyne**,[4] his sentence is illegal because the trial court imposed a mandatory minimum sentence, such argument is without merit. As mentioned earlier, our Supreme Court denied Appellant's petition for allowance of appeal on February 14, 2013. Appellant's ninety days for filing a writ of *certiorari* in the United States Supreme Court expired on May 15, 2013. **See** 42 Pa.C.S.A. § 9545(b)(3); United States Supreme Court Rule 13. Thus, Appellant's sentence became final **prior** to the United States Supreme Court's issuance of **Alleyne** on June 17, 2013. As our Supreme Court recently concluded in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), **Alleyne** does not apply retroactively to cases on collateral review where the petitioner's judgment of sentence already had become final. The Court explained that:

> [A] new rule of law does not automatically render final, pre-existing sentences illegal. A finding of illegality, concerning such sentences, may be premised on such a rule only to the degree that the new rule applies retrospectively. In other words, if the rule simply does not pertain to a particular conviction or sentence, it cannot operate to render that conviction or sentence illegal.
>
>   . . . .
>
> [N]ew constitutional procedural rules generally pertain to future cases and matters that are pending on direct review at the time of the rule's announcement.

---

[4] **Alleyne v. United States**, 133 S. Ct. 2151, 2161-63 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt).

***Washington***, 142 A.3d at 814-15.

In sum, we agree with the PCRA court's conclusion that Appellant is not entitled to relief on his PCRA petition.

Order affirmed.

Judge Mundy did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017