J-A02016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THOMAS MCCREERY | |
| Appellant | No. 769 EDA 2015 |

Appeal from the Judgment of Sentence July 22, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009261-2013

BEFORE: OTT, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 18, 2017**

Appellant, Thomas McCreery, appeals from the judgment of sentence of three to six years of incarceration, imposed July 22, 2014, following a bench trial resulting in his conviction for aggravated assault, simple assault, and recklessly endangering another person.[1]  We affirm.

We adopt the following statement of facts from the trial court's opinion, which in turn is supported by the record.  **See** Trial Court Opinion (TCO), 9/14/15, at 5-8.  Appellant and Lauren Felsing were involved in a romantic relationship and shared an apartment with Appellant's brother.  In April 2013, Ms. Felsing and Appellant became involved in a domestic dispute over drugs.  When Ms. Felsing turned to leave the room, Appellant attacked

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 2071(a), and 2705, respectively.

[*] Former Justice specially assigned to the Superior Court.

her, hitting Ms. Felsing in the back of the head with a baseball bat. Ms. Felsing lost consciousness and woke up to find Appellant choking her. Following the assault, Ms. Felsing attempted but was unable to call for help. She then lost consciousness again.

The next morning, Ms. Felsing walked to a nearby convenience store where she called 911 and collapsed on the sidewalk. Ms. Felsing was hospitalized for two nights and diagnosed with a subdural hematoma, broken eye socket, black eyes, bruised throat, fractured arm, and other bruises on her body. As a result of the assault, Ms. Felsing suffered memory loss, loss of feeling on the left side of her face, continued pain, and remained under care of a neurologist as a result of her injuries.

While Ms. Felsing was hospitalized, Appellant called the police and claimed that he had been assaulted. The responding police officer noted that Appellant matched the description for a male wanted for domestic assault in that region. The officer also noticed that Appellant had visible cuts on his knuckles, as though he had punched something. Appellant had a wound on his leg, but presented no other injuries. The officer detained Appellant and transported him to the hospital. The bat was recovered from Appellant's apartment, still coated in blood.

A week after the incident, Appellant wrote Ms. Felsing a letter, apologizing for what he had done to her and stating he could not believe he had "put [his] hands" on her. In the letter, Appellant admitted that his leg wound was the result of his dog biting him during his assault of Ms. Felsing.

In May 2014, the case proceeded to a bench trial. At trial, Appellant and his brother claimed that Appellant had acted in self-defense and Ms. Felsing had attacked Appellant with a knife. Further, Ms. Felsing admitted on cross examination that she did not remember the exact moment she had been hit. Following trial, Appellant was convicted of the aforementioned charges. On July 22, 2014, Appellant received an aggregate sentence of three to six years of incarceration followed by ten years of probation. Appellant timely filed a post sentence motion seeking reconsideration of the verdict and his sentence. After a hearing, the court denied his motion.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises the following issues and sub-issues for our review:

A. Whether the evidence was insufficient to sustain a verdict of guilt?

1. The evidence proving all charges was insufficient.

2. Whether the trial court erred in denying the motion for acquittal on the charges where it was mere speculation that the Appellant hit the complainant with a bat or otherwise injured her head and the evidence was insufficient as a matter of law where there was no evidence that the Appellant did anything specific to the complainant.

3. Defendant[']s claim of self-defense is supported on the record and was not independently addressed in the court's opinion.

- 3 -

B. Whether the verdict was against the weight of the evidence where the testimony was non-existent and contradictory and insufficient to prove aggravated assault or any other charge?

C. Whether the sentence imposed was improper or excessively punitive or purely based on emotion?

D. Whether it was error to deny Appellant his right to counsel of choice at sentencing?

E. Whether the complainant was not credible?

Appellant's Brief at 6 (unnecessary capitalization and responsive questions omitted).

First, Appellant claims that the evidence was insufficient to sustain a verdict of guilt on all charges. *See* Appellant's Brief at 13-23. He argues that the evidence was "mere speculation" because there was no evidence that the Appellant did "anything specific" to the complainant, as Ms. Felsing did not remember being hit in the head. *Id.* at 14. Finally, he argues his claim of self-defense was supported by the record. *Id.* at 21.

Appellant was convicted of aggravated assault, simple assault, and recklessly endangering another person. The trial court found that he had failed to preserve his sufficiency claims on appeal, as his Pa.R.A.P. 1925(b) statement did not specify the element or elements upon which the evidence was insufficient. *See* TCO at 3-4 (citing in support *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008)).

- 4 -

Issues not included in a Pa.R.A.P. 1925(b) statement are waived for purposes of appeal. **See Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998). Further,

> [w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

**Commonwealth v. Dowling**, 778 A.2d 683, 686–87 (Pa. Super. 2001) (internal citations and quotations omitted). This specificity is of particular importance in cases where the defendant was convicted of multiple crimes containing multiple elements, as the Pa.R.A.P. 1925(b) statement must allow the trial court the opportunity to meaningfully address an appellant's claims. **See Williams**, 959 A.2d at 1257. A review of the record supports the contention that Appellant's Pa.R.A.P. 1925(b) statement was deficient due to vagueness, and accordingly, Appellant has waived his sufficiency claims on appeal. **See** Appellant's Pa.R.A.P. 1925(b) Statement, 1-3.

The trial court did address Appellant's arguments regarding his justification defense and the motion for judgment of acquittal. **See** TCO at 10-11. However, "when an appellant fails to identify in a vague Pa.R.A.P. 1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the

issue in its Pa.R.A.P. 1925(a) opinion." ***Commonwealth v. Lemon***, 804 A.2d 34, 38 (Pa. Super. 2002). Accordingly, these arguments are waived.

Second, Appellant claims the verdict was against the weight of the evidence. ***See*** Appellant's Brief at 24-25. Appellant argues that the testimony was non-existent, contradictory, and insufficient to prove aggravated assault and suggests that we review "the underlying question of whether the verdict was against the weight of the evidence as a question of law based upon fact." ***Id.*** at 24. Appellant also challenges the credibility of the complainant. ***Id.*** at 31.[2]

The law regarding weight of the evidence claims is well-settled.

A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Houser***, 18 A.3d 1128, 1135-1136 (Pa. 2011) (citations and internal quotation marks omitted).

_____

[2] Although Appellant lists this as a separate issue, a challenge to the credibility of a witness is a challenge to the weight of the evidence. ***See Commonwealth v. Melvin***, 103 A.3d 1, 43 (Pa. Super. 2014).

Upon review of his arguments, however, Appellant fails to provide a significant analysis of his claims or to offer citations to law for propositions beyond the general standards of review. **See** Appellant's Brief at 24-25. We note that much of Appellant's sufficiency argument is actually a weight argument and lists, at length, the evidence he considers contradictory or unreliable. **See** Appellant's Brief at 14-17. In his weight argument, however, he states only a bald conclusion that the evidence was contradictory, non-existent, and unreliable; that the complainant's testimony was not credible; and that the trial court's ruling was an abuse of discretion. **See** Appellant's Brief at 24-25. Further, Appellant argues that because he "proved" self-defense beyond a reasonable doubt, any finding of guilt was against the weight of the evidence. **Id.**

Although we might comb the record further, absent reasoned analysis from Appellant, we decline to do so. **See Commonwealth v. Hakala**, 900 A.2d 404, 407 (Pa. Super. 2006). "It is not this Court's function or duty to become an advocate for the appellants." **Id.** Accordingly, we deem Appellant's weight claims waived.[3]

---

[3] Even if they were not waived, Appellant's claims are meritless. To the extent that he challenges the credibility of Ms. Felsing's testimony, the trial court made a specific finding that her testimony was credible and persuasive and the testimony of Appellant and his brother was not credible, not objective, and "ludicrous." **See** TCO at 11-12. We decline to reassess the trial court's credibility findings on appeal. **Houser**, 18 A.3d at 1135-1136.

Third, Appellant challenges the discretionary aspects of his sentence and claims the sentence was improper, excessively punitive, and purely based on emotion. *See* Appellant's Brief at 25-29.

Appellant challenges the discretionary aspects of his sentence, a challenge which does not entitle him to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011). Prior to addressing a discretionary challenge, this Court engages in a four-part analysis: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is inappropriate under the sentencing code. ***See Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013); ***see also*** Pa.R.A.P. 2119(f).

Here, Appellant does not address whether his challenge to the discretionary aspects raised a substantial question and cites to no case law in his Pa.R.A.P. 2119(f) statement to establish whether he has raised a substantial question. *See* Appellant's Brief at 25-26. Accordingly, he has not preserved his claim on appeal. ***See Allen***, 24 A.3d at 1064.

Finally, Appellant argues that it was error to deny Appellant the right to counsel of choice at sentencing. *See* Appellant's Brief at 29-31.

The trial court explained,

On the date of his sentencing hearing, July 22, 2014, [Appellant] was represented by counsel of record, James Donovan, Esquire. At no time during the hearing, despite being given several

> opportunities to do so, did [Appellant] [or] counsel advise the [c]ourt that new counsel had been retained to represent [Appellant] at sentencing . . .
>
> Furthermore, at the close of the hearing, Mr. Donovan, on advising [Appellant] of his appellate rights, stated for the record that he had been advised "that Ms. Major has been retained by you or by your family to represent your interest post-trial." [Appellant] responded by stating, "Yes, I did."

*See* TCO at 18. The court noted there was no evidence of record that Ms. Major entered her appearance prior to August 1, 2014. *Id.*

Appellant does not cite to any authority to support his position nor does he meaningfully develop his argument, except to state baldly that he was denied his counsel of choice. Accordingly, we find that Appellant has waived this argument. *See* Pa.R.A.P. 2119(a)-(c); *see also Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.")

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2017