J-S49033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                            :              PENNSYLVANIA
                                            :

             v.                                :

                                            :

MARK  HARRIS                       :
                                            :

           Appellant                :       No. 2263 EDA 2018

Appeal from the PCRA Order Entered June 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003255-2008

BEFORE:    BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED OCTOBER 23, 2019**

Appellant Mark Harris appeals from the Order entered in the Court of Common Pleas of Philadelphia County on June 29, 2018, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After review, we affirm.

A detailed recitation of the facts and procedural history herein is not necessary for our disposition. Notwithstanding, the PCRA court aptly detailed the factual background and procedural history in its Opinion filed pursuant to Pa.R.A.P. 1925(a), which we incorporate herein by reference. *See* PCRA Court Opinion, filed 12/18/18, at 1-7.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On August 15, 2012, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Harris**, 60 A.3d 527 (Pa.Super. 2012) (Table). Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, and the same was denied on April 17, 2013. **Commonwealth v. Harris**, 619 Pa. 713, 64 A.3d 630 (2013) (Table).

Appellant presents a single issue for our review in the Statement of Questions Presented portion of his appellate brief:

> 1.     Did the prosecution's failure to disclose the identity of the gun's true owner, amount to a Brady[2] Violation?

Brief for Appellant at 5.  Appellant also includes an ineffective assistance of counsel challenge in the argument portion of his brief.  **See** Brief for Appellant at 14-16.

Initially, we note appellate briefs must conform materially to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pursuant to Pa.R.A.P. 2101, when a party's brief fails to conform to the rules of appellate procedure and the defects therein are substantial, an appellate court may, in its discretion, quash or dismiss the appeal. Rule 2111 provides specific guidelines regarding the content of an appellant's brief. **See** Pa.R.A.P. 2111 (setting forth general contents of appellant's brief).

Herein, we deem Appellant's issue waived for several reasons.  First, his brief does not comply with Pa.R.A.P. 2119(a).  Rule 2119(a) sets forth that

---

[2] Full cite and summary of **Brady v. Maryland**, 373 U.S. 83 (1963).

"[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

In the case *sub judice*, Appellant does not divide his argument into as many parts as there are questions to be argued, for he lists just one question but includes a distinct ineffective assistance of counsel argument at the end of his brief. In addition, the argument Appellant supplies in support of his alleged **Brady** violation contains two sub-parts which collectively string together bald allegations of **Brady** and due process violations; prosecutorial and procedural police misconduct; a warrantless search and seizure of Appellant and his vehicle; and a challenge to the weight of the evidence to sustain his convictions. Brief at 10-14. For example, Appellant avers that this claim illustrates "an inconsistent verdict and one that went against the weight of the evidence," and that "[t]he **Brady** violation in this case, dovetailed to a denial of due process on behalf of [Appellant]." Brief for Appellant at 9. As a result, we find this claim to be waived. **See Commonwealth v. Hakala**, 900 A.2d 404, 407 (Pa.Super. 2006) ("Because [the appellant] fails to offer either analysis or case citation in support of the relief he seeks, we deem all of his questions waived.").

Moreover, Appellant's argument section largely rehashes what occurred below in the trial court. He includes little citation to caselaw or any meaningful, coherent analysis to support his request for post-conviction relief. Furthermore, Appellant attempts to relitigate issues he could have presented, and which this Court, in fact, denied on direct appeal in 2012. "Generally speaking, any claim deriving from an event at trial could have been challenged at trial and raised on direct appeal. To the extent such a claim was not raised at trial, it is waived under the PCRA, unless an exception applies." *Commonwealth v. Blakeney,* 108 A.3d 739, 749 (2014). Appellant has neither pled nor attempted to prove such an exception.

Appellant next purports to establish an ineffective assistance of counsel claim. It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa.Super. 2015) (*en banc*). "A

petitioner must prove all three factors of the '***Pierce***[3] test,' or the claim fails." ***Id.*** Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." ***Commonwealth v. Chmiel***, 889 A.2d 501, 540 (Pa. 2005).

Other than citations to general principles of law pertaining to ineffective assistance of counsel, ***see*** Brief for Appellant at 14-15, Appellant presents little argument to support a challenge to trial counsel's effectiveness herein. Indeed, his entire argument in this regard is as follows:

> The decision of trial counsel was ineffective for failing to call and investigate Officer Terry. There was an absence of registration, incorrect testimony regarding to whom the gun was registered. It was not merely a decision of trial strategy to not investigate Officer Terry, rather it was ineffective assistance as such testimony would have assisted the finder of fact in making a decision based on the weight of the evidence.

Brief for Appellant at 16. We find Appellant's bald assertions fail to satisfy the three prongs of the ***Pierce*** test.

Moreover, as the PCRA court notes, Appellant has failed to identify how the testimony of Officer Terry would have been "exculpatory" or otherwise show how trial counsel's alleged omission could have been prejudicial. PCRA Court Opinion, filed 12/18/18, at 9. Therefore, counsel's action could not have been ineffective.

In light of the foregoing, we determine that Appellant has waived his issues and affirm the Order of the PCRA court.

---

3 ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/23/19