J-S22018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANK BAILEY III | : | |
| | : | |
| Appellant | : | No. 1202 MDA 2019 |

Appeal from the PCRA Order Entered June 26, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000296-2016

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 08, 2020**

Frank Bailey III (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On September 27, 2016, a jury convicted Appellant of possession of firearm prohibited.[1]   On November 23, 2016, the trial court sentenced Appellant to 5 to 10 years of incarceration.  Appellant did not file post-sentence motions, but appealed to this Court, which affirmed his judgment of sentence on May 30, 2018.  ***See Commonwealth v. Bailey***, 117 MDA 2017 (Pa. Super. May 30, 2018) (unpublished memorandum).  Appellant did not seek review with the Pennsylvania Supreme Court.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

On February 19, 2019, Appellant filed a *pro se* PCRA petition raising two claims of ineffective assistance of counsel. **See** Motion for Post Conviction Collateral Relief, 2/19/19, at 4. On February 27, 2019, the PCRA court appointed PCRA Counsel for Appellant. Upon reviewing the record, PCRA Counsel, on March 20, 2019, filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. The notice stated: "If you wish to file an amended petition or to otherwise respond to this Notice, you must do so within twenty (20) days of the date of this Notice." Notice Pursuant to Pa.R.Crim.P. 907, 3/21/19. Thereafter, Appellant filed two motions for extensions of time, which the PCRA court granted, giving Appellant until June 4, 2019 to file a response. On June 11, 2019, Appellant filed an "Amended Petition for Post-Conviction Relief," raising an additional claim of ineffective assistance of counsel. That same day, the PCRA court issued an order granting PCRA Counsel's motion to withdraw. On June 26, 2019, the PCRA court dismissed Appellant's petition.[2] Appellant

---

[2] On June 11, 2019, simultaneously with Appellant's filing of his "Amended Petition for Post-Conviction Relief," the PCRA court issued an order dismissing the PCRA petition. However, upon receiving Appellant's new filing, the PCRA court "cancelled" its June 11, 2019 order dismissing Appellant's PCRA petition in order to review the additional claim raised by Appellant. **See** PCRA Court Order, 6/26/19.

timely appealed to this Court. Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant presents five issues for our review:

I.    DID [THE] PCRA COURT ERR IN DEPRIVING APPELLANT [OF] THE RIGHT TO BE HEARD IN VIOLATION OF FUNDAMENTAL FAIRNESS OF DUE PROCESS TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION[?]

II.   DID [THE] PCRA COURT DEPRIVE APPELLANT [OF] THE RIGHT TO THE MANDATORY NOTICE OF INTENT TO DISMISS AND OBJECT IN ACCORDS WITH RULE 907 IN VIOLATION OF FUNDAMENTAL FAIRNESS OF DUE PROCESS TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION[?]

III.  DID [THE] PCRA COURT ERR IN DEPRIVING APPELLANT [OF] THE RIGHT TO BE HEARD ON HIS ISSUE THAT DIRECT APPEAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A PETITION FOR ALLOWANCE OF APPEAL TO THE SUPREME COURT[?]

IV.   DID [THE] PCRA COURT ERR IN DEPRIVING APPELLANT [OF] THE RIGHT TO BE HEARD ON HIS ISSUE THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO OFFER TO STIPULATE TO THE EXISTENCE OF A PRIOR CRIMINAL CONVICTION RATHER THAN ALLOWING THE CLERK OF COURTS TO PROFFER PREJUDICIAL TESTIMONY BEFORE THE JURY[?]

V.    DID [THE] PCRA COURT ERR IN DEPRIVING APPELLANT [OF] THE RIGHT TO BE HEARD ON HIS ISSUE THAT TRIAL COUNSEL WAS INEFFECTIVE FOR THE IMPEACHMENT OF DEFENSE WITNESS KATHERINE VILLANUEVA[?]

Appellant's Brief at 4.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotations and

citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" ***Id.***

Appellant's first issue concerns the PCRA court's failure to address the merits of the claims in his "Amended Petition for Post-Conviction Relief." Appellant's entire argument reads: "Appellant contends that the PCRA court did grant leave to amend his PCRA petition, but did not address any of the amended issues on the merits." Appellant's Brief at 7.

The deficiencies in Appellant's argument preclude relief. Rule 2119 of the Pennsylvania Rules of Appellate Procedure mandates:

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
>
> **(b) Citations of authorities.** Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.
>
> **(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (see Pa.R.A.P. 2132).
>
> **(d) Synopsis of evidence.** When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

**(e) Statement of place of raising or preservation of issues.** Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.

Pa.R.A.P. 2119(a)-(e).

Our Supreme Court has opined:

The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review . . . may be properly exercised. Thus, we reiterate that compliance with these rules by appellate advocates . . . is mandatory.

***Commonwealth v. Perez***, 93 A.3d 829, 837-38 (Pa. 2014).

"[W]hile a person convicted of a crime is guaranteed the right to . . . appeal under Article V, Section 9, of the Pennsylvania Constitution, where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (citations omitted). ***See also*** Pa.R.A.P. 2101 ("Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); ***see also Commonwealth***

- 5 -

*v. Franklin*, 823 A.2d 906, 910 (Pa. Super. 2003) ("These rules ensure that a brief serves its purpose-to permit the appellate court to address the assignments on their merits.") (footnote omitted). Our Supreme Court has long held that it is not this Court's obligation to formulate arguments on behalf of an appellant. *Johnson*, 985 A.2d at 924.

Upon review of Appellant's first issue, we find errors and omissions which contravene the Rules of Appellate Procedure, and more significantly, deprive us of a basis upon which to review the issue. *Commonwealth v. Hakala*, 900 A.2d 404, 406 (Pa. Super. 2006). Accordingly, Appellant's first issue is waived.

In his second issue, Appellant asserts that after filing his "Amended Petition for Post-Conviction Relief," the PCRA court was required to issue a second Rule 907 notice before dismissing his petition without a hearing. We disagree.

Rule 907 provides in relevant part:

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to

file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

Here, after Appellant filed his *pro* se petition, the court appointed PCRA Counsel, who filed a **Turner/Finley** no-merit letter. Upon reviewing Appellant's petition and PCRA Counsel's no-merit letter, the PCRA court issued Rule 907 notice, explaining Appellant's right to file a response within 20 days of the notice. **See** Notice Pursuant to Pa.R.Crim.P. 907, 3/21/19. After requesting several extensions of time, the court granted Appellant until June 4, 2019 to file a response; Appellant filed an "Amended Petition for Post-Conviction Relief" on June 11, 2019.

Responses to a notice of dismissal and amended petitions are separate and distinct pleadings. **See, e.g.,** Pa.R.Crim.P. 907(1); **Commonwealth v. Williams**, 732 A.2d 1167 (Pa. 1999) (**Batson** claim proposed for first time in a response to pre-dismissal notice did not require PCRA court to address the issue and weighed in favor of disallowing an amended petition); **Commonwealth v. Paddy**, 15 A.3d 431, 440, 471 (Pa. 2011) (treating response to a notice of dismissal as objections and not a new amended petition or serial petition); **Commonwealth v. D'Amato**, 856 A.2d 806, 825 n.19 (Pa. 2004); **Commonwealth v. Derrickson**, 923 A.2d 466, 469 (Pa. Super. 2007).

Rule 907(1), which provides for the disposition of a PCRA petition without a hearing, and permits the optional filing of a response, states that a PCRA court may dismiss a petition, grant leave to file an amended petition, or

direct that proceedings continue. The Rule does not treat a response to a notice of dismissal as either an amended petition or a serial petition.

In examining whether additional claims of ineffective assistance of counsel should be treated as responsive pleadings to Rule 907 notice or subsequent or amended petitions, we stated:

> a claim of PCRA counsel ineffectiveness set forth for the first time in a Rule 907 response to a notice of intent to dismiss during a petitioner's first PCRA proceeding is not a second or serial petition, nor is it an amended petition. **Rather, the claim is more properly viewed as an objection to dismissal**.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1187 (Pa. Super. 2012) (citing *Paddy*, 15 A.3d at 471) (emphasis added).

Consistent with *Rykard*, we conclude that Appellant's response to the PCRA court's notice of intent to dismiss is not a second or subsequent petition, nor is it an amended petition. Accordingly, Appellant's response did not require a separate Rule 907 notice prior to the PCRA court dismissing Appellant's petition. Appellant's second issue lacks merit.

Appellant addresses his third, fourth and fifth issues together. All three issues claim ineffective assistance of counsel. Appellant asserts: 1) appellate counsel[3] was ineffective for failing to file a petition for allowance of appeal to the Pennsylvania Supreme Court following this Court's affirmance of his judgment of sentence; 2) trial counsel[4] was ineffective for failing to stipulate

---

[3] Diana C. Kelleher, Esquire represented Appellant on direct appeal.

[4] Douglas Conrad, Esquire represented Appellant at trial.

to Appellant's prior criminal convictions; and 3) trial counsel was ineffective for presenting the testimony of Catherine Villanueva at trial.

In deciding ineffective assistance of counsel claims, we presume that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

With all three ineffectiveness claims, Appellant fails to develop the three prongs to prove counsel's ineffectiveness. Appellant cites general legal authority regarding post-conviction relief, but does not cite any pertinent legal authority relevant to his particular claim, or provide any discussion as to how counsel's actions lacked a reasonable basis. Because Appellant has not developed these issues for our review, they are waived. *See Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) (stating that

"appellant's failure to develop any argument at all concerning the second and third prongs of the ineffectiveness test ... results in waiver").

To the extent that Appellant challenges the PCRA court's denial of his petition without an evidentiary hearing, this Court has explained:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Walls***, 993 A.2d 289, 295 (Pa. Super. 2010) (citations omitted). If the PCRA court "can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose would be advanced by holding an evidentiary hearing." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Here, before dismissing Appellant's petition, the PCRA court reviewed the applicable law and PCRA counsel's no-merit letter, concluding that Appellant's claims "do not have support in the record and do not entitle [Appellant] to relief." PCRA Court Opinion, 9/12/19, at 7. Although the PCRA court's analysis is terse, Appellant has not presented any argument to refute the court's conclusions. ***See Commonwealth v. Watkins***, 108 A.3d 692, 735 (Pa. 2014) (concluding that if an appellant makes no attempt to identify specifically the "legitimate material factual disputes" that he alleges warranted

a hearing, as well as develop relevant argument, his "claim of PCRA court procedural error cannot succeed"); *see also Commonwealth v. Jones*, 912 A.2d 268, 290 (Pa. 2006) (rejecting appellant's assertion that his other claims warranted a hearing when he failed both to identify and argue with specificity what factual issues remained in contention).

Based on the foregoing, we cannot conclude that the PCRA court's denial of an evidentiary hearing was an abuse of discretion. *See Watkins, supra*. Accordingly, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/08/2020