J-A25038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EUGENE JIMENEZ | : | |
| | : | |
| Appellant | : | No. 121 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0005729-2013

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:  **FILED: JANUARY 5, 2021**

Appellant, Eugene Jimenez, appeals *nunc pro tunc* from the judgment of sentence entered in the Berks County Court of Common Pleas, following his jury trial convictions for third-degree murder, three counts of aggravated assault, and one count of endangering the welfare of a child ("EWOC").[1]  We affirm.

The relevant facts of this case are as follows:

> On February 3, 2009, at 3:15 p.m., Emerlie Serrano left her children in the custody of [Appellant], who was the father of her son [A.J.] (date of birth September…2008).  [Appellant] and the children came to the home of Anibal and Lydia Olmeda so that the Olmedas could babysit while Emerlie, and [Appellant] were at work.  Anibal Olmeda picked up [Appellant] from his job and took [Appellant] and [the] children home.  Shortly after midnight, Anibal Olmeda came back to the home of [Appellant] to drop off an item

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 2702(a)(1), and 4304(a)(1), respectively.

(Pedialyte) that had been forgotten when he dropped [Appellant] and the children off earlier. When Mr. Olmeda arrived, [Appellant] came out to his car and asked him to come in and look at the infant [A.J.]. It was clear to Mr. Olmeda that [A.J.] was not breathing. [A.J.] was rushed out to the car and given to Lydia Olmeda in the front seat. The Olmedas, [Appellant,] and [A.J.]'s two-year-old sibling, rushed to St. Joseph's Medical Center Emergency Room. Emerlie Serrano arrived at the hospital at 1:00 a.m. At approximately 4-5 a.m., [A.J.] was transported to the Lehigh Valley Hospital where he ultimately died at 9:23 a.m. An autopsy revealed a three to eight week old fracture on his right ankle, a two to three week old fracture on his left wrist, multiple rib fractures that were approximately ten to fourteen days old that appeared to have been caused on separate occasions, along with a three to five day old hematoma, a bleed on his brain and a second hematoma that was less than twelve hours old from the time of his death. The cause of death was determined to be coma and pneumonia complicating unexplained organizing and fresh subdural hemorrhage with other significant condition being a healing rib, left arm and right ankle fractures, unexplained.

(Trial Court Opinion, filed March 13, 2020, at 2-3) (internal footnote omitted).

Procedurally, following a four-day trial, a jury convicted Appellant of the above-mentioned offenses on October 30, 2015. On December 18, 2015, the court sentenced Appellant to an aggregate term of 20½ to 67 years' incarceration. No post-sentence motion or direct appeal was filed. On August 31, 2016, Appellant filed *pro se* correspondence, which the court deemed as a first petition filed under the Post Conviction Relief Act ("PCRA").[2] The PCRA court appointed counsel, who filed an amended petition on July 17, 2019.

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

Following a hearing on December 2, 2019, the PCRA court reinstated Appellant's post-sentence motion and direct appeal rights *nunc pro tunc*. Appellant timely filed a post-sentence motion on December 10, 2019, which the court denied on December 20, 2019. On January 17, 2020, Appellant filed a timely notice of appeal. The court ordered Appellant on January 23, 2020 to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant complied on February 4, 2020.

Appellant raises the following issues on appeal:

> Whether the evidence was insufficient to find [Appellant] guilty of Murder of the Third degree, three counts of Aggravated Assault, and one count of Endangering the Welfare of a Child?

> Whether the verdicts of guilty of Murder of the Third degree, three counts of Aggravated Assault, and one count of Endangering the Welfare of a Child were against the weight of the evidence?

> Did the trial court abuse its discretion in imposing sentence, each individually and in light of the consecutive nature of the sentencing scheme, as it is manifestly excessive so as to inflict [too] severe a punishment on [Appellant] and was not warranted under the circumstances of the within case or the factors enumerated in the Sentencing Code which did not militate in favor of total confinement of the length imposed in this case by failing to give proper consideration to any rehabilitative incentive on behalf of [Appellant] and the mitigating factors presented at sentencing and focusing only on the punitive needs of the Commonwealth to the exclusion of all others[?]

(Appellant's Brief at 4).

As a preliminary matter, issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived for appellate review. ***Commonwealth v.***

*Castillo*, 585 Pa. 395, 888 A.2d 775 (2005). A Rule 1925(b) statement that is not specific enough for the trial court to identify and address the issues the defendant wishes to raise on appeal may also result in waiver. *Commonwealth v. Reeves*, 907 A.2d 1 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007).

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

*Id.* at 2.

Additionally, "when challenging the sufficiency of the evidence on appeal, [an appellant's Rule 1925(b)] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009), *appeal denied*, 607 Pa. 690, 3 A.3d 670 (2010). "Such specificity is of particular importance in cases where [an appellant] was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id.*

Instantly, Appellant failed to raise his weight and sufficiency of the evidence claims with any specificity in his Rule 1925(b) statement. Appellant's statement merely states: (1) "The verdicts are contrary to the weight of the

evidence"; and (2) "The evidence was insufficient to sustain the verdicts of guilty." (Appellant's Rule 1925(b) statement at 1, unpaginated). The Rule 1925(b) statement did not identify which convictions Appellant sought to challenge, which elements of those convictions the Commonwealth failed to prove, or why the verdicts shocked one's sense of justice. Thus, Appellant's challenges to the weight and sufficiency of the evidence are waived for purposes of our review. *See Gibbs, supra*; *Reeves, supra*. *See also Commonwealth v. Seibert*, 799 A.2d 54, 62 (Pa.Super. 2002) (stating appellant's weight of evidence claim was waived where he merely asserted in his Rule 1925(b) statement that "[t]he verdict of the jury was against the weight of the credible evidence as to all of the charges").

Regarding Appellant's remaining claim, in his Pa.R.A.P. 2119(f) statement, Appellant alleges the trial court's sentence of 20½ to 67 years' incarceration was "manifestly excessive, clearly unreasonable, and contrary to the fundamental norms underlying the Sentencing Code." (Appellant's Brief at 9). Appellant further contends the court failed to adequately consider the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of Appellant in determining Appellant's sentence, as 42 Pa.C.S.A. § 9721(b) requires. As presented, Appellant's claim challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an

appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Here, although Appellant preserved his sentencing challenge in a timely post-sentence motion and notice of appeal *nunc pro tunc*, and in his Rule 2119(f) statement, Appellant failed to include any argument concerning his sentencing claim in the argument section of his brief. Thus, this issue is also waived. **See** Pa.R.A.P. 2119(a), (f); **Commonwealth v. Hakala**, 900 A.2d 404 (Pa.Super. 2006), *appeal denied*, 589 Pa. 737, 909 A.2d 1288 (2006) (stating failure to develop argument on appeal results in waiver). **See also Commonwealth v. Leatherby**, 116 A.3d 73 (Pa.Super. 2015) (explaining appellant waived sentencing challenge where he failed to expand upon claim in argument section of his appellate brief). Accordingly, Appellant's issues are waived and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/05/2021</u>